MATHEWS, Justice.
The appellant was convicted of murder in the second degree for shooting a man to *917 death in front'of a beer and jook joint oper-erated by the appellant. This appeal ■ is prosecuted from a judgment and sentence, based upon the. verdict of conviction.
The appellant contends that the evidence was insufficient to justify a conviction of murder in the second degree. There were some conflicts in the testimony and it was the sole province of the jury to resolve these conflicts and to be the judge of what witnesses or set of witnesses, were telling the truth. If believed by the jury, there was abundant evidence to sustain the verdict of conviction. We have carefully reviewed the evidence in this case and from such review it is our determination that the interest of justice does not require a new trial.
In addition to the sufficiency of the evidence the appellant urges that he “was prejudiced by the testimony from two grand jurors who served no purpose but to influence the jury.” The appellant contends that the testimony of these grand jurors was given in chief and was not used solely'for the purpose of impeachment.
We know of no reason to offer testimony before a jury except to influence that jury.
The record shows that Mary Ford admitted that she had gone to the State’s Attorney’s office, and told him she did not know anything about the case. One of the grand jurors testified that Mary Ford appeared before the grand jury as a witness and was questioned as to what her purpose was in going to the State’s Attorney’s office. She tojd the grand jury she went there for the purpose of making bond and on being further questioned, she stated she knew nothing about the killing and that she had told the State’s Attorney in his office that she knew nothing about the case.
Before these grand jurors were called to testify, Mary Ford had appeared to testify before the jury as a star witness for the appellant. The record shows that she claimed to know all about the killing and she testified as to minute details. The testimony of the grand jurors was not given in chief but was properly given in rebuttal to impeach the testimony of the defendant’s star witness, Mary Ford.
In the case of State ex rel. Brown v. Dewell, 123 Fla. 785, 167 So. 687, 691, this court said:
“It has therefore been uniformly held that a member of the grand jury may be required, when public justice demands it, to testify as to statements made by a witness before the grand jury, when offered for the purpose of contradicting other statements made by the same witness or party before a different tribunal or authority. Jenkins v. State, 35 Fla. 737, 18 So. 182, 48 Am.St.Rep. 267. And on the same principle it has been held to be permissible for the defense in a criminal case to impeach a state witness testifying before a trial jury by showing that the testimony of that same witness when appearing before the grand jury does not correspond in essential particulars with his subsequently given trial court testimony. Atwell v. United States, 4 Cir., 162 F. 97, 89 C.C.A. 97, 17 L.R.A.,N.S., 1049, 15 Ann. Cas. 253.”
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.