260 So.2d 525 (1972)
Peter Allan RUTSKIN, Appellant,
v.
STATE of Florida, Appellee.
No. P-185.
District Court of Appeal of Florida, First District.
March 28, 1972.
Rehearing Denied May 5, 1972.
Joseph C. Jacobs and E.C. Deeno Kitchen, of Ervin, Pennington, Varn & Jacobs, Tallahassee, for appellant.
Robert L. Sheven, Atty. Gen., and Joseph DeMember, Asst. Atty. Gen., for appellee.
CARROLL, DONALD K., Acting Chief Judge.
One of three co-defendants in a prosecution for the possession of marijuana has appealed from several orders entered by the Circuit Court for Leon County, including an order denying the appellant's motion for a new trial.
The basic question raised for our determination in this appeal is whether the trial court erred in denying the appellant's motion for a directed verdict of acquittal, grounded primarily upon the insufficiency of the trial evidence to prove beyond a reasonable doubt that the appellant knew that marijuana was on his premises.
The transcript of the trial testimony established the following facts pertinent to our present consideration:
One James M. Hanna, Special Agent, United States Customs, had occasion to observe at the U.S. Postal Inspector's office in Tallahassee, Florida, a certain parcel of mail addressed to the appellant at his Tallahassee apartment. On the parcel appeared as the return address an A.P.O. number, marked Korea. An examination of the parcel by Hanna revealed that it *526 contained what appeared to be cannabis sativa, or marijuana.
On June 10, 1970, at about 9:00 a.m. Hanna applied by affidavit for a search warrant in order that he and other law enforcement personnel might be authorized to search the appellant's apartment for the said parcel upon its delivery.
Upon securing the search warrant, Hanna and other officers kept the parcel under continuous surveillance until it was delivered by a U.S. postal carrier to the apartment leased by the appellant and his roommate, the co-defendant Richard Melvin Cone, III.
The postal carrier knocked on the apartment door, and the appellant opened the door, took the parcel, and signed a receipt therefor.
Approximately two minutes after the postal carrier left the premises, Hanna, accompanied by three officers, knocked at the apartment door and announced himself as a federal officer having a search warrant.
Shortly thereafter, the appellant opened the door to allow Hanna and the other officers to enter. Upon entering the premises, the officers found the appellant and the defendant Cone in the living room and the defendant Deborah Jean Sanneman in the bathroom.
One of the officers testified that, after entering the apartment, he proceeded into the bathroom area and noted that the water in the commode was swelling and that there were some pieces of substance in the commode. He called this substance to the attention of one of the other officers, who retrieved the substance from the commode and the bathroom, putting the substance into a vial and putting the vial in his pocket. The substance in question turned out to be three short strands of marijuana.
Later, when all three of the defendants were in the living room, Hanna served the search warrant on the appellant. Upon Hanna's reading the search warrant, the appellant pointed to the mail parcel sought, which was on the couch in the living room in plain view. The parcel had not been opened, nor did it appear that any attempt had been made to open it.
At the trial of the appellant, jointly with the defendants Cone and Sanneman, the prosecution presented expert testimony which identified the contents of the mail parcel and the three strands of debris found in the commode as marijuana.
The jury found the appellant guilty of possession of marijuana and his co-defendants Cone and Sanneman not guilty.
In this appeal the appellant contends, and we think rightly, that the above evidence is legally insufficient to prove that he had knowledge that the mail parcel contained marijuana or that he had possession or control of the three short strands of marijuana retrieved from the commode.
In the first place, the officers entered the apartment about two minutes after the parcel was delivered to the appellant at his apartment; when the search warrant was read to the three defendants in the living room, the mail parcel was lying unopened in plain view on the couch. There was no evidence that the appellant had knowledge that the unopened parcel contained marijuana. The fact that he happened to be the addressee of the parcel obviously does not supply the evidence that he knew that the parcel contained marijuana or any other contraband. If this were not so, any innocent person could be convicted of possession of marijuana just because he happens to be the recipient of a package containing marijuana.
Even assuming that the three strands of marijuana retrieved from the commode were reasonably seized under the search warrant, there is no evidence that the appellant possessed, controlled, or knew anything about the strands that the defendant Sanneman apparently tried to flush down the commode.
*527 In the case of Frank v. State, 199 So.2d 117 (Fla.App. 1967) the defendant was convicted on one count of the unlawful possession of morphine and on a second count of unlawful possession of marijuana. Before reversing the judgment of conviction because of the absence of proof of scienter, this court said:
"From the foregoing it appears to be established in this state that before one charged with unlawfully possessing narcotic drugs may be convicted, the State must establish beyond a reasonable doubt that the accused knew of the presence of the narcotic drugs on premises occupied and controlled by him, either exclusively or jointly with others. If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused, the inference of knowledge is rebuttable and not conclusive. If the premises on which the drugs are found is not in the exclusive but only in the joint possession of the accused, knowledge of the drugs' presence on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements and circumstances from which a jury might lawfully infer knowledge by the accused of the drugs' presence on the premises. In any event, the question of scienter or knowledge is one which must be resolved by the jury under the evidence in the case and upon proper instruction by the court embodying the principles discussed above... .
* * * * * *
"Proof of either actual or inferred knowledge by the accused that the contraband articles were on the premises occupied by him at the time they were discovered is an essential and indispensable element of the offense which must be established. Scienter constitutes a factual issue to be resolved by the jury upon proper instructions as to the legal principles pertinent to its consideration. This is not a mere technicality in the law, but a legal principle which must be observed in order to safeguard innocent persons from being made the victims of unlawful acts perpetrated by others, and of which they have no knowledge. It is a safeguard which must be preserved in the interest of justice so that the constitutional rights of our citizens may be preserved. For these reasons it is our view that the error committed by the trial judge so infects the judgment that it should not be permitted to stand."
The above rule stated in the Frank case is in harmony with the rule in other jurisdictions. The writer of an annotation 91 A.L.R.2d at page 821 thus states the prevailing rule:
"Knowledge of the alleged possessor, or his intention to possess, is not mentioned by the language of § 2 of the Uniform Narcotic Drug Act as an element of the offense prohibited, which is merely stated to be any possession of a narcotic drug not authorized by the act. However, no case has been found in which the defendant's conviction of illegal possession of narcotics has been sustained where the prosecution has failed to prove, either directly or by inference, that the defendant had knowledge of the presence of the contraband substance... ."
In another point on appeal the appellant claims that the trial court erred in denying the appellant's motion to quash the search warrant and suppress the evidence obtained in the bathroom. This is an intriguing question which we need not, and do not, pass upon at this time, since we here hold that the trial evidence, even including the *528 evidence sought to be suppressed, is insufficient to prove scienter, which is an essential element of the crime charged herein.
For the foregoing reasons, the order denying the appellant's motion for a new trial is reversed and the cause remanded for a new trial consistent with the views hereinabove set forth.
Reversed and remanded with directions.
RAWLS and WIGGINTON, JJ., concur.