808 So.2d 166 (2002)
Bobby SCOTT, Petitioner,
v.
STATE of Florida, Respondent.
No. SC94701.
Supreme Court of Florida.
January 3, 2002.
Rehearing Denied February 11, 2002.
*167 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, FL, for Respondent.
QUINCE, J.
We have for review the following three questions certified by the Fifth District *168 Court of Appeal to be of great public importance:
DOES THE ILLEGAL POSSESSION OF A CONTROLLED SUBSTANCE RAISE A REBUTTABLE PRESUMPTION (OR INFERENCE) THAT THE DEFENDANT HAD KNOWLEDGE OF ITS ILLICIT NATURE?
IF SO, IF THE DEFENDANT FAILS TO RAISE THE ISSUE THAT HE WAS UNAWARE OF THE ILLICIT NATURE OF THE SUBSTANCE, IS HE NEVERTHELESS ENTITLED TO A CHICONE INSTRUCTION?
CAN THE FAILURE TO GIVE THE REQUESTED INSTRUCTION BE HARMLESS ERROR?
See Scott v. State, 722 So.2d 256 (Fla. 5th DCA 1998). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. For the reasons stated below, we answer questions one and three in the negative and question two in the affirmative. In answering these questions we hold that the defendant's knowledge of the illicit nature of the controlled substance is an element of the offense of possession, and an instruction that the State must prove this element must be given as a part of the standard jury instructions. Thus, we quash the district court's decision and remand for a new trial.

Factual and Procedural Background
Bobby Scott was charged in an information filed on January 6, 1997, with introduction or possession of contraband in a correctional facility. At the conclusion of his two-day jury trial, defense counsel requested an instruction pursuant to this Court's opinion in Chicone v. State, 684 So.2d 736 (Fla.1996).[1] When asked by the trial judge if counsel was requesting something more than the Medlin[2] instruction, counsel said yes and indicated, reading from the Chicone opinion, that the jury should be instructed that the element of knowledge means the defendant had knowledge of the illicit nature of the substance allegedly possessed. Such an instruction was not given, and Scott was convicted as charged.
Scott filed a timely appeal to the Fifth District Court of Appeal, arguing the trial court reversibly erred in denying his request for a special instruction under Chicone. Scott further claimed the burden was on the State to prove that he knew the substance was cannabis, even if he did not raise the issue. Thus, he opined, the trial court erred by failing to give the requested Chicone instruction.
The Fifth District rejected this argument, concluding that "the supreme court has not yet decided whether a special instruction concerning [a] defendant's knowledge is required if he challenges only his possession of the substance." Scott, 722 So.2d at 257. The Fifth District stated in reference to the presumption of knowledge that "[a]lthough Chicone places the burden of proof on the State to prove knowledge of the illicit nature of the contraband, it does not, at least expressly, overrule the Medlin presumption." Id. at 258. This statement is based on the fact that the Fifth District, as well as other district courts of appeal, has interpreted our opinion in State v. Medlin, 273 So.2d 394 (Fla. 1973), to say that the doing of the act, i.e., possessing the controlled substance, raises a rebuttable presumption that the possessor was aware of the nature of the drug possessed. Finally, the Fifth District opined that any failure to give the requested instruction was harmless error because *169 Scott's defense was not based on lack of knowledge of the illicit nature of the substance.[3] The Fifth District has misinterpreted Chicone and Medlin.

Chicone Decision
In Chicone, we accepted jurisdiction to resolve the conflict between the district court's decision in Chicone v. State, 658 So.2d 1007 (Fla. 5th DCA 1994), and numerous other district court opinions on the issue of whether guilty knowledge is an element of possession of a controlled substance or possession of drug paraphernalia. We answered the question in the affirmative for both possession of the substance and the paraphernalia. In resolving this question we explained that the "guilty knowledge" element of possession actually involves two elements, knowledge of the presence of the substance and knowledge of the illicit nature of the substance. In the final analysis we clearly said both knowledge of the presence of the substance and knowledge of the illicit nature of the substance are essential elements of the crime of possession of an illegal substance.[4] Thus, we found the State was required to prove that Chicone knew of the illicit nature of the items in his possession. See Chicone v. State, 684 So.2d at 744. Accord Lambert v. State, 728 So.2d 1189 (Fla. 2d DCA 1999).
We further indicated that lack of knowledge of the illicit nature of the substance is not an affirmative defense to be raised and proven by the defendant. We said:
The State, to its credit, does not claim that a defendant shown to be without guilty knowledge could be convicted under the possession statute. Rather, the State contends that lack of knowledge of the illicit nature of the item possessed should be raised and proven as an affirmative defense. We disagree. Nowhere has the legislature provided for such an affirmative defense. Furthermore, if the statute did not require guilty knowledge, then obviously a person who possessed an illicit object even without knowledge of its illicit nature would be as guilty of violating the statute (that had no scienter requirement) as one who did have knowledge. Lack of knowledge could hardly be a defense to a statute that did not require such knowledge. Hence, the State's position really supports our holding and we commend the State for its forthright approach and candor.
Chicone, 684 So.2d at 744.
Furthermore, we indicated that a jury instruction is required if requested. We specifically held:
We stated earlier that the State must prove guilty knowledge to establish the defendant's possession of a controlled substance or drug paraphernalia. At trial, Chicone proffered instructions that required the jury to find that the substance he possessed was known to him to be cocaine and that the object he possessed was known to him to be drug paraphernalia in order to convict him. The trial court denied these instructions and gave the standard jury instructions set out above along with the standard jury instructions on reasonable doubt, which the trial judge read twice.

*170 While the existing jury instructions are adequate in requiring "knowledge of the presence of the substance," we agree that, if specifically requested by a defendant, the trial court should expressly indicate to jurors that guilty knowledge means the defendant must have knowledge of the illicit nature of the substance allegedly possessed.
Chicone, 684 So.2d at 745-746. It is implicit in this holding that the standard jury instructions on possession do not adequately inform the jury of the "illicit nature of the substance" requirement of the guilty knowledge element. See State v. Delva, 575 So.2d 643, 644 (Fla.1991). It is with this backdrop that we address the issues left open in our Chicone decision.[5]

Analysis
In reaching its conclusion that Scott was not entitled to the requested jury instruction on knowledge of the illicit nature of the substance, the Fifth District found that what the defense argued, that Scott did not possess the illegal substance, was inconsistent with an argument that Scott had no knowledge of the illicit nature of the drugs. Additionally, the district court opined that Scott would only be entitled to the requested instruction if there was some evidence presented to the jury which responded to the presumption discussed in State v. Medlin, 273 So.2d 394 (Fla.1973). Thirdly, the Fifth District in Scott found the failure to give the instruction harmless because there was no evidence before the jury which responded to the presumption that Scott had knowledge of the illicit nature of the substance. We find these reasons unpersuasive.
The rationale that Scott's defense is internally inconsistent is flawed and appears to be premised on a proposition that we rejected in Chicone, that is, that the defendant has the burden to put forth evidence on this issue. As we previously said and reiterate here, guilty knowledge of the illicit nature of the possessed substance is an element of the offense of possession of a controlled substance. The State has the burden of proof in any prosecution to demonstrate each element of the offense beyond a reasonable doubt. See Jackson v. State, 575 So.2d 181 (Fla.1991); Butler v. State, 715 So.2d 339 (Fla. 4th DCA 1998). Since knowledge is an element of the offense, the State has the burden of proving the defendant's possession was knowing. Moreover, the jury is entitled to be instructed on the elements of an offense. In Gerds v. State, 64 So.2d 915 (Fla.1953), we held:
It is an inherent and indispensable requisite of a fair and impartial trial under the protective powers of our Federal and State Constitutions as contained in the due process of law clauses that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence.
Id. at 916. See also State v. Delva, 575 So.2d 643 (Fla.1991). Since the jury is entitled to be instructed on the elements of the offense, it cannot be harmless error to *171 fail to do so especially when the omission is brought to the attention of the trial court by the defendant.
Furthermore, Scott is not arguing two alternative defenses, as the Fifth District suggests. See Scott, 722 So.2d at 258. Rather, it is a single argument that he did not possess the drugs. Scott's argument that he did not possess the drugs and had no knowledge of the drug's presence in his locker encompasses the argument that he was unaware of the illicit nature of the substance. With this kind of argument and defense, each element of the offense is a disputed element on which the jury must be instructed. Moreover, the requirement that an instruction must be given does not depend on the defense espoused. Because knowledge of the illicit nature is an element of the crime and the jury must be instructed on each element of the crime, an instruction must be given even when the defendant simply requires the State to prove its case and offers nothing by way of an affirmative defense.
Although the Fifth District correctly states Chicone does not expressly overrule the Medlin presumption, the court's interpretation of the presumption is erroneous. The Fifth District's statement that the State did prove the element of knowledge of the illicit nature of the substance by the presumption or inference raised by the proof of his possession of the substance assumes several facts which are not a part of this record. Such a statement would be applicable if the Medlin presumption was applicable to this case and if the jury was properly informed of both the knowledge element and the operation of the presumption. A close reading of Medlin and Chicone, however, yields the inescapable conclusion that the presumption of knowledge applies only to cases of actual possession, and we said as much in Chicone when we indicated, "Medlin stands for the proposition that evidence of actual, personal possession is enough to sustain a conviction. In other words, knowledge can be inferred from the fact of personal possession." 684 So.2d at 739.[6] In reaching this conclusion, the Court contrasted the facts in Medlin with those in Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967), and Rutskin v. State, 260 So.2d 525 (Fla. 1st DCA 1972). In both Frank and Rutskin, the district court indicated, although the statute was silent on the matter of scienter or knowledge, it was necessary to prove that the defendant had knowledge he delivered a substance proscribed by the statute. Moreover, in Frank and Rutskin the defendants were convicted based on their constructive possession of drugs. In distinguishing the Medlin facts we said:
Neither the Frank nor the Rutskin decisions are applicable to the factual situation presented in the instant case. Defendant admittedly had actual possession of the drug and obviously was aware that he had the drug in his possession. He admittedly delivered the capsule to the Driggers girl which contained the prescribed drug. Proof of these facts established defendant's guilt of the crime charged. The State was not required to prove intent to violate the Statute or defendant's specific knowledge of the contents of the capsule.
Medlin, 273 So.2d at 396. In situations where a Medlin instruction is applicable, the elements of the possession offense, including the element of the illicit nature of the drug, must first be explained to the jury by proper instructions. Only then *172 would the Medlin presumption instruction come into play.
The defendant in this case was not in actual, personal possession of drugs. The drugs were found in his locker in an eyeglass case. There was testimony presented at trial that the locker was bent in some manner which may have made it accessible to persons other than Scott. The drugs were not on Scott's person and there was even a question raised as to whether he had exclusive constructive possession.

Conclusion
We therefore reiterate our holding in Chicone that knowledge of the illicit nature of the contraband is an element of the crime of possession of a controlled substance, a defendant is entitled to an instruction on that element, and it is error to fail to instruct on that element.[7] It is error to fail to give an instruction even if the defendant did not explicitly say he did not have knowledge of the illicit nature of the substance. Additionally, the Medlin presumption or inference is applicable to those cases where the defendant has actual, personal possession of the substance. The Fifth District's view that any error was harmless because the jury found Scott to be in exclusive control and thus properly inferred knowledge begs the question. How could the jury infer guilty knowledge without being properly instructed on the element of knowledge as well as being instructed on when knowledge can be inferred? The defendant in this case requested a Chicone instruction. The trial court denied that request; the denial was reversible error.
Therefore, this cause is remanded to the trial court[8] for further proceedings in accordance with this decision.
It is so ordered.
SHAW, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
WELLS, C.J., dissents with an opinion.
HARDING, J., dissents with an opinion, in which WELLS, C.J., concurs.
WELLS, C.J., dissenting.
I dissent. I would answer the first question in the affirmative, the second question in the negative, and the third question in the affirmative. I would affirm the decision of the Fifth District. I join in the decision and opinion of Justice Harding because I believe the better course would be to discharge jurisdiction for the reasons he states.
I write further because I conclude that the majority's opinion will further complicate issues which have resulted from what I believe are problems in the opinion by this Court in Chicone v. State, 684 So.2d 736 (Fla.1996). I conclude Chicone is internally conflicted on the vital question of *173 whether the Court or the Legislature defines elements of crimes. I find the Fifth District's reading of Chicone to be a fair reading of it and that the present majority fails to explain why it is not.
Initially, Chicone states that "since the legislature is vested with the authority to define the elements of the crime, determining whether scienter is an essential element of a statutory crime is a question of legislative intent." Id. at 741. Then the Chicone opinion states:
There is no such indication of legislative intent to dispense with mens rea here. Our holding depends substantially on our view that if the legislature had intended to make criminals out of people who were wholly ignorant of the offending characteristics of items in their possession, and subject them to lengthy prison terms, it would have spoken more clearly to that effect. Interpreting the statutes as dispensing with scienter would "criminalize a broad range of apparently innocent conduct."
Id. at 743 (footnote and citations omitted). But Chicone then makes a leap by stating, "Although by statutory construction we find that guilty knowledge is an element of the crimes defined in [section] 893.13(6)(a)...." Id. at 744. I agree with the Fifth District and fail to see how it follows that it is for the Legislature to define elements of crimes but, when the Legislature does not include an element, that this Court corrects the Legislature's definition by writing the element into the crime.
I conclude that what the State proposed in Chicone and which the Chicone Court rejected would be a more logical and less problematic approach. Lack of knowledge should be an affirmative defense. The State carries its burden by proving the possession of the contraband. This gives rise to the Medlin[9] presumption, and the defendant should then proceed to prove lack of knowledge and overcome the presumption through an affirmative defense.
The present majority, by now assuming that this Court can write elements of crimes, has opened the door to many complications. I believe the Legislature should close this particular one by amending the statute to say that possession of contraband gives rise to a presumption of knowledge. More importantly, I believe that this Court should not write elements into statutory crimes.
HARDING, J., dissenting.
I would decline to answer the certified question from the district court because my review of the record reveals that the issue raised and certified was not preserved for appellate review. Florida courts have consistently required that proposed jury instructions that are not part of the standard jury instructions must be submitted to the trial court in writing if the issue is to be preserved for appellate review. See Gavlick v. State, 740 So.2d 1212, 1213 (Fla. 2d DCA 1999); Watkins v. State, 519 So.2d 760, 761 (Fla. 1st DCA 1988); Pittman v. State, 440 So.2d 657, 659 (Fla. 1st DCA 1983); Holley v. State, 423 So.2d 562, 564 (Fla. 1st DCA 1982). See also Fla. R.Crim. P. 3.390(c). This was the assumption under which I worked as a trial judge in the Fourth Judicial Circuit for many years.
In Brown v. State, 206 So.2d 377, 384 (Fla.1968), this Court stated that ordinarily, a proposed instruction must be submitted in writing in order to preserve the issue for appellate review. However, this Court recognized that there may be limited exceptions to the "in writing" requirement. *174 In Brown, the record was clear that the matter had been brought to the trial court's attention and the trial court had no intention of giving the instruction regardless of whether the request was made in writing.
Other courts have also recognized limited exceptions to the "in writing" requirement. In Cooper v. State, 742 So.2d 855, 857 (Fla. 1st DCA 1999), the district court held that reference by the defendant's counsel to the charging document was sufficient. Similarly, in Steele v. State, 561 So.2d 638 (Fla. 1st DCA 1990), reference to the statute and the information was satisfactory because both constituted written requests of the desired instruction.
In the present case, there is no basis for recognizing an exception to the "in writing" requirement. The majority opinion reflects that the defense attorney in this case requested a Chicone instruction. A review of the record reveals that defense counsel did not submit in writing a requested jury instruction based on Chicone; rather, the request for the Chicone instruction was oral.[10] The trial judge asked for a specific proposed instruction twice. Defense counsel did not comply nor did counsel refer to the information or the statute. Counsel merely repeated the oral request for a Chicone instruction. It is obvious from the dialogue that the judge was uncertain regarding the exact instruction that counsel was requesting.
A mere oral request for an instruction falls short of the requirements of Watkins, Pittman, Holley, and Gavlick. In answering the certified question in this case, the majority disregards this established precedent. I fear the majority's holding will open the door for attorneys to make vague, unwritten requests for jury instructions, thus "sandbagging" judges who fail to grant them or give what they thought should be given. The mischief which will be caused by the majority's opinion is greater than any uncertainty that may otherwise occur if this Court were to decline to answer the certified question.
In a footnote, the majority points out that the preservation issue was not addressed by the court below. Regardless, this Court should not simply ignore this important issue. One option would be to remand this case to the district court for further consideration of the preservation issue. But even if this Court declines this option, we would still not be precluded from addressing the issue on the merits. See, e.g., Fulton County Adm'r. v. Sullivan, 753 So.2d 549, 553 n. 3 (Fla.1999) ("Given our jurisdiction on the basis of the certified question, we have jurisdiction over all of the issues raised in this case."). At the very least, this Court should ask the parties for further briefing on the preservation issue. See Savona v. Prudential Ins. Co. of America, 648 So.2d 705, 707 (Fla.1995) ("[W]e have the authority to consider issues other than those upon *175 which jurisdiction is based, but this authority is discretionary and should be exercised only when these other issues have been properly briefed and argued....").
For all of these reasons, I would decline to answer the question without first resolving whether the issue has been preserved. Thus, I dissent.
In the event that the issue was preserved for review, the majority should be crystal clear regarding the impact of today's holding on possession cases. Unfortunately, our previous opinions have created substantial confusion regarding the applicability of the Chicone instruction and the Medlin presumption to cases of actual and/or constructive possession. I fear that the present majority opinion only adds to the confusion. The majority in the present case requests the Committee on Standard Jury Instructions in Criminal Cases to propose an instruction which provides for the Medlin presumption in "appropriate cases." Easier said than done. At one point in the opinion, the majority states that "[a] close reading of Medlin and Chicone, however, yields that inescapable conclusion that the presumption of knowledge only applies to cases of actual possession." Majority op. at 171 (emphasis added). In a footnote on page 171, the majority states that "[t]he Medlin inference may be applicable to some cases of exclusive constructive possession. However, its applicability depends on the particular circumstances of each individual case." With guidance such as this, no committee charged with formulating the Medlin instruction nor any the trial judge will know what to do.
Finally, assuming the majority is able to clearly articulate the situations where the Medlin presumption is applicable, I think we can avoid even further confusion by clarifying the specific knowledge elements to which the presumption applies. As currently written, the standard jury instructions provide that "If a person has exclusive possession of a thing, knowledge of its presence may be inferred or assumed." Fla. Std. Jury Instr. (Crim.) Drug Abuse Possession (emphasis added). The instructions further provide that "[i]f the defense seeks to show a lack of knowledge as to the nature of a particular drug, an additional instruction may be required. See State v. Medlin, 273 So.2d 394 (Fla. 1973)." Id. (emphasis added). It is not clear to me whether this latter instruction is referring to a second Medlin presumption which, in addition to allowing the jury to infer knowledge of the presence of a substance, would also allow the jury to infer knowledge of the illicit nature of the substance. Given that the majority has now determined that the defendant's knowledge of the illicit nature of the substance is an element of the offense of possession, it is important for this Court and the Committee to clarify this point.
WELLS, C.J., concurs.
NOTES
[1] This Court decided Chicone in October 1996.
[2] State v. Medlin, 273 So.2d 394 (Fla.1973).
[3] The State argues we should not address the issues raised by the certified questions because Scott did not submit a proposed instruction. This argument on preservation is not addressed in the district court opinion.
[4] While the charged crime in the present case is possession of contraband in a correctional facility (section 944.47, Florida Statutes (1995)) and the charged crimes in Chicone were possession of cocaine and possession of drug paraphernalia, we note that elements of these offenses are substantially identical.
[5] In the Chicone opinion this Court went to great lengths to discuss the guilty knowledge requirement that is implicit in the statute, as well as the law applicable to this subject dating back to Reynolds v. State, 92 Fla. 1038, 111 So. 285 (1926); Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967); Rutskin v. State, 260 So.2d 525 (Fla. 1st DCA 1972); State v. Medlin, 273 So.2d 394 (Fla.1973); and State v. Oxx, 417 So.2d 287 (Fla. 5th DCA 1982). Therefore, this history will not be repeated in this opinion.
[6] The Medlin inference may be applicable to some cases of exclusive constructive possession. However, its applicability depends on the particular circumstances of each individual case.
[7] Because knowledge of the illicit nature of the substance is an essential element of the crime of possession of a controlled substance or possession of drug paraphernalia, the standard jury instructions should be amended to provide for this as an element. The standard instructions should also provide for the Medlin presumption or inference in the appropriate cases. Therefore, the Committee on Standard Jury Instructions in Criminal Cases is charged with proposing a standard instruction which includes knowledge of the illicit nature of the substance.
[8] Because there was error in the denial of the defendant's request for a jury instruction based on guilty knowledge of the illicit nature of the substance, the defendant will be entitled to a new trial. If the defendant is convicted, there will be a new sentencing proceeding and the defendant will have any opportunity to raise any pertinent sentencing issues. We therefore deny Scott's motion to file a supplemental point concerning Heggs v. State, 759 So.2d 620 (Fla.2000), without prejudice to raise the issue at any new sentencing.
[9] State v. Medlin, 273 So.2d 394 (Fla.1973).
[10] On July, 10, 1997, this Court adopted the following standard jury instruction:

Give if applicable See Chicone v. State, 684 So.2d 736 (Fla.1996):
If a thing is in a place over which the person does not have control, in order to establish constructive possession the State must prove the person's (1) control over the thing, (2) knowledge that the thing was within the person's presence, and (3) knowledge of the illicit nature of the thing. Standard Jury Instructions in Criminal Cases (97-1), 697 So.2d 84, 87 (Fla.1997). As stated above, the First District Court of Appeal has stated that the requirement of written jury instructions is inapplicable when a Florida standard jury instruction is requested on the record. See Holley v. State, 423 So.2d 562, 564 (Fla. 1st DCA 1982). The trial in the present case took place on July 8 and 9, 1997. Thus, at the time of the trial, the Chicone instruction was not part of the standard jury instructions.