813 So.2d 59 (2002)
Shawn WASHINGTON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC96028.
Supreme Court of Florida.
February 28, 2002.
Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau *60 Chief, Criminal Appeals, and Veronica S. McCrackin, Assistant Attorney General, Tallahassee, FL, for Respondent.
QUINCE, J.
We have for review Washington v. State, 732 So.2d 1225 (Fla. 1st DCA 1999), which cited as controlling authority Scott v. State, 722 So.2d 256 (Fla. 5th DCA 1998)[1], a case we accepted for review and recently decided. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981). For the reasons stated below, we quash the decision under review and direct that Washington's conviction be reversed.
August 22, 1996, Shawn Washington was sitting on a guardrail at the 2500 block of Texas Street in Tallahassee, Florida. Two other people were near him at this rail. They were under surveillance by undercover police officers. According to the trial testimony of Officer Chuck Perry, a car stopped near the guardrail and the defendant, an amputee, hobbled over to the driver side window and began to talk with the driver. The officer further testified:
At that point, he [Washington] walked back to the rail where he had been sitting, he reached into the bushes, retrieved a brown paper bag, reached into the brown bag, took out a dime bag of cannabis, put the bag back in the bushes, and walked over to the driver's window.... At that point, he exchanged the bag for money.
Soon after witnessing this transaction, Officer Perry recovered the brown bag, which was later found to contain both crack cocaine and cannabis. The officer testified there was another man sitting on the rail selling drugs.
The defendant was charged with two counts of possession of a controlled substance with intent to sell. The jury found him guilty of two counts of the lesser included offense of possession of a controlled substance.
At his trial, Washington asked the trial court to give a special instruction requiring the jury to find the State had proven beyond a reasonable doubt that defendant knew of the illicit nature of the contents of the retrieved bag. The court rejected this request. Washington now argues this was error. We agree. Pursuant to our reasoning in Scott v. State, 808 So.2d 166 (Fla.2002), and Chicone v. State, 684 So.2d 736 (Fla.1996), the requested instruction should have been given.
In Chicone and again in Scott we stated that knowledge of the illicit nature of a substance is an element of the crime of possession even though this element is not explicitly stated in the standard jury instructions. The instructions given by the trial court in this case only required the defendant be aware of the presence of the substance. As we did in both Scott and Chicone, we find these instructions to be inadequate because they do not require the State to prove the defendant had knowledge of the illicit nature of the substance he possessed. We find that the trial court's failure to grant Washington's request for the specific jury instruction was harmful error.
Therefore, we quash the decision of the district court of appeal and direct that Washington's conviction be reversed and this case remanded to the trial court for further proceedings.
It is so ordered.
SHAW, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
*61 HARDING, J., concurs with an opinion.
WELLS, C.J., dissents.
HARDING, J., concurring.
I write separately for two reasons. First, I explain why the Chicone issue was preserved for review in this case. The record here reflects that the defense attorney submitted in writing a requested jury instruction based on Chicone, thereby satisfying the requirement of Florida Rule of Criminal Procedure 3.390(c) that requests for jury instructions not part of the Florida Standard Jury Instructions be submitted in writing to the trial court. Second, as I stated in my dissenting opinion in Scott v. State, 808 So.2d at 172 I again express concern regarding the applicability of the Chicone instruction and the Medlin presumption to cases of actual or constructive possession.
NOTES
[1] We do not address any other issues raised by the petitioner in his brief on the merits.