831 So.2d 770 (2002)
Jackie BLUNT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1484.
District Court of Appeal of Florida, Fourth District.
December 4, 2002.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, Fort Lauderdale, for appellee.
*771 STONE, J.
We reverse Blunt's conviction and sentence for possession of cocaine with intent to deliver/sell. Failing to instruct the jury on the element of guilty knowledge of the illicit nature of the substance in his possession is reversible error, notwithstanding his failure to request the charge. See Scott v. State, 808 So.2d 166 (Fla.2002); Chicone v. State, 684 So.2d 736 (Fla.1996).
At the close of the trial, the judge instructed the jury as to the charge of possession of cocaine with intent to sell:
Certain drugs and chemical substances are by law known as controlled substances. Cocaine is a controlled substance. Before you can find the Defendant guilty of possession of cocaine with intent to deliver or sell, the State must prove the following: The Defendant possessed with the intent to deliver or to sell a certain substance. The substance was cocaine. The Defendant had knowledge of the presence of the substance.

(emphasis added)
Chicone recognized that the offense of possession of a controlled substance included not only knowledge that the substance was in the defendant's possession, but also knowledge of the illicit nature of the substance. In Scott, the supreme court concluded that a defendant was entitled to an instruction on the element of guilty knowledge in a possession case and that failure to give the requested instruction was not harmless error. See also Gary v. State, 806 So.2d 582 (Fla. 4th DCA 2002).
Although, here, the instruction was not requested, it is nevertheless error because, as Chicone and Scott explained, guilty knowledge is an element of the offense charged and was material to the jury's finding of guilt. See Thompson v. State, 814 So.2d 1103, 1104 (Fla. 4th DCA 2002)(holding that trial court's failure to instruct jury on an essential element of the crime charged is fundamental error where omission involved disputed element); State v. Delva, 575 So.2d 643, 645 (Fla.1991).
We recognize that a court's failure to instruct on an essential element of the crime charged is not always considered fundamental error. To rise to the level of fundamental error, the element omitted from the instructions to the jury must be in dispute. Delva, 575 So.2d at 645. Here, the element of guilty knowledge was disputed.
Officer Renner testified that during the ten to fifteen minutes of his surveillance, he observed Blunt and a few other people standing by a truck in a convenience store parking lot. Renner noticed four people approach Blunt at different times. Each time a person approached, Blunt would engage him or her in a brief conversation, then turn and walk to a garbage dumpster across the parking lot. Blunt would then pick up a pill bottle located on the ground next to the dumpster, unscrew the cap, remove an item, place the cap back on the pill bottle, and walk back over to the person with whom he had been talking. Officer Renner watched as Blunt exchanged the item for cash. Blunt, after being instructed to sit on the curb while the officers investigated, started running away when he saw Officer Renner walk over by the dumpster. The material inside the bottle tested positive for crack cocaine. Blunt denied knowledge of the pill bottle and the crack cocaine. During closing argument, the state told the jury that Blunt had "knowledge of the substance" because, "if he had the pill bottle in his hand which he did on four different occasions and he was exchanging that substance for money, then, in fact, he knew what the substance was. People just don't buy nothing." *772 Based on these facts and the state's comments in closing argument, it is clear that the element of guilty knowledge was in dispute.
We recognize that the legislature voiced its disagreement with the supreme court's interpretation of the possession statute by enacting section 893.101 to make clear that knowledge of the illicit nature of the controlled substance is an affirmative defense and not, as the majority in Scott held, an essential element of the offense. However, the new law became effective as of May 13, 2002, and may not be applied retroactively to the instant case.
As to the other issue raised, we find no reversible error. We, therefore, remand for a new trial.
GROSS and MAY, JJ., concur.