844 So.2d 723 (2003)
Octravis THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2896.
District Court of Appeal of Florida, Fifth District.
May 9, 2003.
*724 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
In this prosecution for possessing cocaine with intent to sell or deliver, the defendant requested an instruction consistent with Chicone v. State, 684 So.2d 736 (Fla.1996), that the state was required to prove, as an element of the offense, that he knew of the illicit nature of the substance he allegedly possessed.[1] The state argued that in a recent amendment to Chapter 893, Florida Statutes, the legislature found that Chicone and Scott v. State, 808 So.2d 166 (Fla.2002),[2] were contrary to the legislative intent underlying section 893.13, and that knowledge of the illicit nature of a controlled substance was not an element under the statute. As the amendment provides, lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to a prosecution under the statute. See Ch.2002-258, § 1, Laws of Florida, with an effective date of May 13, 2002.[3] The trial court ruled that the *725 amendment controlled in this trial which commenced on July 31, 2002, even though the offense was alleged to have been committed on February 14, 2002.
On appeal, the defendant argues that the law in effect at the time the offense was alleged to have been committed applies and that the trial court reversibly erred in failing to instruct in accordance with Chicone. The state counters that the amendment did not create a new crime but rather merely expresses the intent of the legislature when it passed the original version of the statute so that there is no ex post facto concern.
The district courts of appeal which have considered this issue have held that the May 13, 2002 amendment may not be applied to a charge arising before its effective date. See Blunt v. State, 831 So.2d 770 (Fla. 4th DCA 2002) (possession with intent to deliver/sell); Goodman v. State, 839 So.2d 902 (Fla. 1st DCA 2003) (possession); Norman v. State, 826 So.2d 440 (Fla. 1st DCA 2002) (sale or delivery). In rejecting retroactive application of the amendment, the Norman court explained that Article X, section 9 of the Florida Constitution prohibits applying a subsequently-enacted statute in a way that "affect[s] prosecution ... for any crime previously committed."[4] The court cited extensive Florida decisional law that the effect of this provision, which differs from the ex post facto provision contained in Article 1, section 10 of the Florida Constitution,[5] is to give to all criminal legislation a prospective effectiveness so that the "repeal or amendment of any criminal statute does not affect the prosecution or punishment for any crime previously committed." 826 So.2d at 442.
The defendant denied any awareness of the controlled substance thus disputing the essential element of knowledge. We agree that the amendatory provision cannot be applied retroactively, and thus, the court committed reversible error in failing to instruct on the element of knowledge of the illicit nature of the substance in accordance with Chicone. We reverse and remand for a new trial.
REVERSED and REMANDED.
THOMPSON, C.J., and TORPY, J., concur.
NOTES
[1] The requested instruction read:

The Defendant, Octravis Thomas, cannot be convicted of possession of cocaine with intent to sell or deliver unless the State establishes beyond, and to the exclusion of every reasonable doubt, that the Defendant knew that cocaine was inside the cigar tube he allegedly possessed.
[2] Chicone held that the offense of possession of a controlled substance included not only knowledge that the substance was in the defendant's possession, but also knowledge of the illicit nature of the substance. The Chicone instruction became part of the standard jury instructions effective July 10, 1997. See Standard Jury Instructions in Criminal Cases, 697 So.2d 84, 87 (Fla.1997). In McMillon v. State, 813 So.2d 56 (Fla.2002), decided before the amendment took effect, the supreme court ruled Chicone applied in a sale or delivery of a controlled substance prosecution. In Scott, the supreme court ruled that failure to give the instruction when warranted could not be harmless error.
[3] In creating section 893.101, Florida Statutes, Chapter 2002-258, section 1 provides:

893.101. Legislative findings and intent.
(1) The Legislature finds that the cases of Scott v. State, Slip Opinion No. SC94701 [808 So.2d 166] (Fla.2002) and Chicone v. State, 684 So.2d 736 (Fla.1996), holding that the state must prove that the defendant knew of the illicit nature of the controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.
(2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.
(3) In those instances in which a defendant asserts the affirmative defense described in this section, the possession of a controlled substance, whether actual or constructive, shall give rise to a permissive presumption that the possessor knew of the illicit nature of the substance. It is the intent of the Legislature that, in those cases where such an affirmative defense is raised, the jury shall be instructed on the permissible presumption in this subsection.
[4] Article X, section 9 entitled "Repeal of criminal statutes" states: "Repeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed."
[5] Article 1, section 10 entitled "Prohibited laws" provides: "No bill of attainder, ex post facto law or law impairing the obligation of contracts shall be passed."