SHAHOOD, J.
Appellant, Larry Charles Sandifer, appeals his conviction and sentence on the charge of sale of cocaine. We reverse appellant’s conviction because the trial court denied his requested jury instruction on the element of guilty knowledge of the illicit nature of the substance, and remand for a new trial.
During trial and at the charge conference, appellant’s counsel requested that the jury be given a Chicone[1] instruction, i.e., addressing appellant’s knowledge of the illicit nature of the substance; the request was denied. Counsel objected to the exclusion of this instruction after the trial court instructed the jury. Instead, the jury was instructed that sale of cocaine consisted of the following elements: “Number one, Larry Charles Sandifer sold a certain substance. Number two, the substance was cocaine or a mixture containing cocaine. Number three, Larry Charles Sandifer had knowledge of the presence of the substance.”
In Chicone, the supreme court held that the offense of possession of a controlled substance included not only knowledge that the substance was in the defendant’s possession, but also knowledge of the illicit nature of the substance. See id. at 738. Subsequently, in Scott v. State, 808 So.2d 166 (Fla.2002), the supreme court determined that, regardless of the defense raised or the affirmative defenses asserted, a defendant is entitled to an instruction on the element of guilty knowledge in a possession case because it is an element of the crime. See id. at 170. The Scott court stated that failure to give the requested instruction is not harmless error. Id. In McMillon v. State, 813 So.2d 56 (Fla.2002), Chicone was extended to cases where the defendant was charged with sale of cocaine.
Both Chicone and Scott were addressed, however, by the legislature’s en *790 actment of section 893.101, Florida Statutes (2002), which states the following:
(1) The Legislature finds that the cases of Scott v. State, Slip Opinion No. SC 94701[, 808 So.2d 166] (Fla.2002) and Chicone v. State, 684 So.2d 736 (Fla.1996), holding that the state must prove the defendant knew of the illicit nature of a controlled substance found in his or her actual or constructive possession, were contrary to legislative intent.
(2) The Legislature finds that knowledge of the illicit nature of a controlled substance is not an element of any offense under this chapter. Lack of knowledge of the illicit nature of a controlled substance is an affirmative defense to the offenses of this chapter.
The effective date of the statute is May 13, 2002 and it may not be applied retroactively. See Quaintance v. State, 845 So.2d 294 (Fla. 1st DCA 2003)(For any offense occurring prior to May 13, 2002, an essential element of the crime of possession of an illegal substance was knowledge of the illicit nature of the substance); see also Blunt v. State, 831 So.2d 770, 772 (Fla. 4th DCA 2002)(May 13, 2002 law may not be applied retroactively to a charge arising before its effective date).
The crime in this case occurred in October 2000, a date which precedes the effective date of the statute. Thus, following Chicone, appellant was entitled to a jury instruction on the issue of his knowledge of the illicit nature of the substance on the delivery charge. Based on Scott, it was not harmless error for the trial court to deny appellant’s request for the Chicone instruction on the sale/delivery charge. Appellant’s conviction for that charge only must, therefore, be reversed and the cause remanded for a new trial where he will be entitled to the Chicone instruction.
The remaining issue raised by appellant is rendered moot by our decision concerning the jury instruction issue.
REVERSED AND REMANDED FOR A NEW TRIAL.
FARMER, C.J., and KLEIN, J., concur.

. Chicone v. State, 684 So.2d 736 (Fla.1996).