PLEUS, J.
The defendant appeals from his conviction for possession of cocaine. His point on appeal concerns the trial court’s failure to give a special jury instruction as to the defendant’s knowledge of the illicit nature of the substance he possessed.
The defendant’s offense, as alleged in the information, occurred on March 7, 2002, prior to the legislature’s enactment (effective May 13, 2002) of section 893.101, Florida Statutes, which now requires an accused to raise, as an affirmative defense, his or her lack of knowledge of the illicit nature of the controlled substance possessed. See Chapter 2002-258, section 1, Laws of Florida. This enactment cannot be applied retroactively. See Thomas v. State, 844 So.2d 723 (Fla. 5th DCA 2003); Norman v. State, 826 So.2d 440 (Fla. 1st DCA 2002), rev. denied, 845 So.2d 892 (Fla.2003). Under the law in effect at the time the defendant committed his offense, the defendant, upon request, was entitled to a special instruction that his knowledge of the illicit nature of the substance he possessed is an element of the offense of possession of cocaine. See Scott v. State, 808 So.2d 166 (Fla.2002); Chicone v. State, 684 So.2d 736 (Fla.1996).
The State asserts that the defendant waived such instruction by failing to timely present a proposed written or oral instruction on this issue to the court. The State argues that when a jury instruction is sought which is not part of the standard jury instructions, the requested instruction must be submitted in writing to the trial court no later than at the close of the evidence if the issue is to be preserved for appellate review. Florida Rule of Criminal Procedure 3.390(c).[1] See Gavlick v. State, 740 So.2d 1212 (Fla. 2d DCA 1999).
*358 During the charge conference, no request was made by the defense for a special instruction. After the jury had been instructed but before the jury retired to consider its verdict, defense counsel announced an objection to the instructions as read regarding possession of cocaine. Defense counsel requested that an instruction be given that the State was required to prove that the defendant knew the illicit nature of the substance he possessed.
Florida Rule of Criminal Procedure 8.390(d) provides:
Objections. No party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection. Opportunity shall be given to make the objection out of the presence of the jury.
The State’s position that the defendant waived a “Chicone” instruction by failing to offer a proposed instruction to the trial court is without merit. The defendant orally sought[2] and timely objected to the lack of a proper instruction on “guilty knowledge” before the jury retired to deliberate and thus, under Rule 3.390(d), preserved for review the failure of the court to give such instruction on what Scott held to be an essential element of the offense. Scott controls and the failure to give the requested instruction constituted reversible error.[3]
REVERSED AND REMANDED FOR NEW TRIAL.
THOMPSON and ORFINGER, JJ., concur.

. Rule 3.390(c) provides:
(c) Written Request. At the close of the evidence, or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set *358 forth in the requests. The court shall inform counsel of its proposed action on the request and of the instructions that will be given prior to their argument to the jury.

. The defendant asserts a proposed written instruction was offered and while the record contains such an instruction, the record does not establish that this proposed instruction was timely submitted for consideration. The exchanges between defense counsel and the trial court do not reference the existence of such proposed written instruction.

. Where the failure to give a “Chicone ” instruction on the need to prove knowledge of the illicit nature of the substance is preserved, such error cannot be deemed harmless. Scott, 808 So.2d at 172.