864 So.2d 1200 (2004)
Raymond Edward BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-0084.
District Court of Appeal of Florida, First District.
January 14, 2004.
*1201 Nancy A. Daniels, Public Defender; and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.

OPINION ON REMAND FOR RECONSIDERATION
BROWNING, J.
The Supreme Court of Florida remanded this case for reconsideration in light of Reed v. State, 837 So.2d 366 (Fla.2002). The State was ordered to show cause why Appellant's conviction should not be reversed on the authority of Reed, and Appellant filed a reply to the State's response. Concluding that Reed compels a reversal, we remand the case for a new trial before a jury properly instructed in accordance with Reed. See also Goodman v. State, 839 So.2d 902 (Fla. 1st DCA 2003).
The State charged Appellant with unlawfully and knowingly possessing a controlled substance, Lortab/Hydrocodone[1] (Count One), and with resisting an officer without violence (Count Two). Count Two eventually was dismissed due to a deadlocked jury and is not pertinent to this appeal.
In opening argument, the defense admitted that when narcotics officers had approached him on the night in question, Appellant was carrying a bag containing Lortab tablets. Appellant's defense was that he had painful bone spur problems and secured some prescription pain medication from his stepfather, but Appellant was not told what the pills were; and that Appellant did not know of the illicit nature of the pills. In other words, whether or not Appellant knew that the tablets he was carrying were a controlled substance was disputed at trial.
With defense counsel's acquiescence, the trial court read a jury instruction on Count One stating in pertinent part:
Before you can find the Defendant guilty of the crime charged the State must prove the following three elements beyond a reasonable doubt: One, that the Defendant possessed a certain substance; two, the substance was Lortab or Hydrocodone; and three, that the Defendant had knowledge of the presence of the substance.
In other words, the jury was not instructed that before it could find Appellant guilty of the crime charged in Count One, it would have to find that Appellant knew of the illicit nature of the substance he possessed. The jury found Appellant guilty as charged in Count One, and Appellant was sentenced under the Criminal Punishment Code to 3 years and 4 months *1202 of incarceration. On the authority of Reed v. State, 783 So.2d 1192 (Fla. 1st DCA 2001), we affirmed the judgment and sentence. Barnes v. State, 815 So.2d 745 (Fla. 1st DCA 2002).
Subsequently, in Reed, 837 So.2d at 366, the Supreme Court of Florida found fundamental error where an inaccurate definition of the disputed element of malice in the standard jury instruction reduced the State's burden of proof on that essential element of the charged offense. Id. at 369. The court applied its decision retroactively to cases, like Appellant's, pending on direct review. Id. at 370.
By analogy, the instruction given to Appellant's jury on Count One reduced the State's burden of proof on an essential element of the offense charged that was disputed at trial: whether Appellant knew of the illicit nature of the substance he carried. See McMillon v. State, 813 So.2d 56, 58 (Fla.2002); Scott v. State, 808 So.2d 166, 168 & 172 (Fla.2002) (stating that defendant's knowledge of illicit nature of controlled substance is element of offense of possession, and holding that instruction that State must prove this element must be given as part of standard jury instructions); Chicone v. State, 684 So.2d 736 (Fla.1996). The elimination of an element of proof would have allowed the jury to convict Appellant because he knew the substance was present, even if the jury believed that he did not know its illicit nature. Because the incomplete instruction given reduced the State's burden of proof, it was material to what the jury had to determine in order to convict Appellant. See Reed, 837 So.2d at 369. The Supreme Court's language in Reed states unequivocally that under such circumstances, the error is "fundamental" and, thus, "is not subject to harmless error review." Id. at 369-70; Scott, 808 So.2d at 167; Stewart v. State, 420 So.2d 862, 863 (Fla.1982) (acknowledging case law stating that "fundamental error occurs only when the omission [in the jury instruction] is pertinent or material to what the jury must consider in order to convict"); Gerds v. State, 64 So.2d 915, 916 (Fla.1953) ("It is an inherent and indispensable requisite of a fair and impartial trial under the protective powers of our Federal and State Constitutions as contained in the due process of law clauses that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence. Such protection afforded an accused cannot be treated with impunity under the guise of `harmless error.'"). Cf. State v. Delva, 575 So.2d 643 (Fla.1991) (holding that failure to instruct jury on element of crime that is not disputed is not fundamental error and, thus, is subject to contemporaneous objection rule). The enactment of section 893.101, Florida Statutes (2002), which became effective as of May 13, 2002, does not change the result in the case at bar, which involves a 1999 offense. See Thomas v. State, 844 So.2d 723 (Fla. 5th DCA 2003); Starling v. State, 842 So.2d 992, 993 n. 1 (Fla. 1st DCA 2003); Goodman, 839 So.2d at 903; Blunt v. State, 831 So.2d 770, 772 (Fla. 4th DCA 2002); Norman v. State, 826 So.2d 440 (Fla. 1st DCA 2002).
Given the clear mandate in Reed, we REVERSE Appellant's conviction and REMAND for a new trial.
BOOTH and POLSTON, JJ., Concur.
NOTES
[1] Hydrocodone is the active ingredient in the pharmaceutical preparation known as Lortab, which is an analgesic used for pain relief. Hydrocodone is a controlled substance listed under Schedule II in section 893.03(2)(a)1.j., Florida Statutes (1999). Subject to exceptions not pertinent here, actual or constructive possession of a controlled substance violates section 893.13(6)(a), Florida Statutes (1999).