EMAS, J.
Jimmy Velez appeals the trial court’s order denying, without evidentiary hearing, his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
In his motion, Velez asserted two claims of ineffective assistance of his trial counsel:
1. Trial counsel provided affirmative misadvice which caused Velez to reject a “favorable” plea offer and proceed to trial. Velez claims that, but for the affirmative misadvice, he would have accepted the plea offer.
2. Trial counsel failed to properly move for a judgment of acquittal based upon the State’s failure to prove the “knowledge” element of trafficking in heroin.
The State, in its response to this Court, candidly and properly concedes that the first claim should be remanded to the trial court for further consideration.[1] We reverse the trial court’s order on this claim and remand for the trial court to consider whether Velez is entitled to an evidentiary hearing.
As to Velez’s second claim, the trial court attached to its order a portion of the trial testimony of one of the narcotics officers, as well as the recorded post-Miranda statement of Velez (which was introduced into evidence at trial).
In his post-Miranda statement, Velez told the officer:
— Velez bought the substance “from a person who brought it from Colombia”;
— Velez did not know the person he bought the substance from and did not know that person’s name;
— The person who sold it to Velez “told me it was drugs”;
— When asked what Velez thought the substance was, Velez told the officer: “I think it was heroin”;
— Velez “bought it to sell it”;
— Velez purchased “one hundred thirty grams” of the substance;
— Velez paid “two thousand dollars” for it;
— Velez was going to sell it “to some man named Gonzalez” for “three thousand” dollars;
— Velez met with Gonzalez at a Publix supermarket the day before the sale was to take place, and gave Gonzalez “a sample” of the substance;
— The next day, Velez returned to Publix to meet Gonzalez and complete the sale;
— Before the sale could take place, Velez saw police arriving and Velez quickly left the Publix and “threw [the drugs] in the garbage.”
These record attachments conclusively show that Velez is entitled to no relief on this claim. See Fla. R.Crim. P. 3.850(d). Had trial counsel argued in the *687 motion for judgment of acquittal that the State failed to prove Velez knew the substance in his possession was heroin, the motion would have been denied, since this was not an essential element of the crime.[2] Trial counsel cannot be deemed ineffective for failing to make a meritless argument. Maharaj v. State, 778 So.2d 944 (Fla.2000); Ridel v. State, 990 So.2d 581 (Fla. 3d DCA 2008). We affirm the trial court’s order denying postconviction relief on this claim.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

. The State acknowledges that both the State and the trial court misconstrued Velez’s first claim as a claim for ineffective assistance of counsel in conceding guilt to a lesser included offense in opening statement. The trial court denied the claim based upon a colloquy conducted during trial in which Velez expressly agreed to this opening statement strategy. However, the first claim as presented by Velez, both in his motion and on appeal, asserts that he received misadvice prior to trial and that, but for this misadvice, he would have accepted the state's plea offer and would not have proceeded to trial.

. In 1996, the Florida Supreme Court in Chicone v. State, 684 So.2d 736 (Fla.1996) held that, in a prosecution for possession of controlled substances, the state must prove, as an essential element, that a defendant knew the illicit nature of the substance. See also Scott v. State, 808 So.2d 166 (Fla.2002), superseded by statute (reiterating holding in Chicone and holding it was error to fail to instruct jury on this element even if defendant failed to raise lack of knowledge). In response to those two decisions, the Florida Legislature in 2002 enacted section 893.101, Florida Statutes, which expressly provides that a defendant’s knowledge of the illicit nature of the substance is not an element of any offense under Chapter 893, but rather an affirmative defense. Therefore, in January of 2006 (which is when this crime occurred), Velez’s knowledge of the illicit nature of the substance was no longer an essential element of the crime of trafficking in illegal drugs, and counsel could not in good faith have argued that a judgment of acquittal should have been granted for the state’s "failure” to prove defendant’s knowledge. Even if such knowledge was an element of the offense to be proven by the state, the evidence introduced at trial forecloses any reasonable probability that a motion for judgment of acquittal would have been granted.