Damoorgian, J.
Roger Terrell appeals his conviction and sentence for one count of sale of cocaine within 1,000 feet of a municipal park. Although Appellant raises several issues on appeal, we find merit in only one of his arguments, namely that the trial court reversibly erred by omitting one of the elements of the charged crime in the jury instructions.
At Appellant’s trial, an undercover narcotics officer testified that he gave an in *1048 termediary $20 to purchase cocaine from Appellant. Thereafter, the officer observed the intermediary walk to an apartment complex, knock on a specific door, and engage in a hand-to-hand exchange with Appellant. The intermediary then walked back to the unmarked patrol car where she handed the undercover officer a baggie containing what was later confirmed to be cocaine. Shortly thereafter, Appellant was arrested as he stood outside the apartment complex. Appellant’s theory of defense at trial was misidentification.
During the charge conference, the parties discussed the applicability of Florida Standard Jury Instruction (Criminal) 25.6. The instruction provides that in order to prove the crime of selling a controlled substance within 1,000 feet of a municipal park, the State must prove the following four elements:
1. (Defendant) [sold] ... a certain substance.
2. The [sale] ... took place in, on, or within 1,000 feet of ... [a state, county, or municipal park],
3. The substance was (specific substance alleged).
4. (Defendant) had knowledge of the presence of the substance.
Fla. Std. Jury Instr. (Crim.) 25.6. The trial court ultimately determined that because this was a case of “actual delivery” and Appellant did not argue by way of affirmative defense that he was unaware of the illicit nature of the substance, the “knowledge of the presence of the substance” was not a necessary element. Accordingly, over defense counsel’s objection, the court omitted the knowledge element from the instruction. Appellant was ultimately found guilty as charged and sentenced to seven years in prison followed by ten years of drug offender probation.
On appeal, Appellant argues that the trial court reversibly erred by removing the “knowledge of the presence of the substance” element from the jury instruction. Appellant maintains that although his primary defense was misidentification, by removing the knowledge element the trial court impermissibly reduced the State’s burden. The State acknowledges that “knowledge of the presence of the substance” is an element of the charged crime in this case, but nonetheless maintains that Appellant was not prejudiced by the given instruction in light of his defense of mis-identification. For that same reason, the State also argues that any error in this case was harmless. We disagree with the State.
Section 893.13, Florida Statutes provides that “a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance ... in, on, or within 1,000 feet of real property comprising a state, county, or municipal park.” § 893.13(1)(c), Fla. Stat. (2013). As this Court explained in Maestas v. State, “[s]ection 893.13 offenses are general intent crimes” and “[although knowledge of presence is not expressly required by the text of section 893.13, such knowledge has always been required in drug possession cases.” 76 So.3d 991, 994-95 (Fla. 4th DCA 2011). In other words, “knowledge of the presence of the substance” is a required element of the charged crime in this case, one which the State was required to prove regardless of Appellant’s defense of misidentification. See, e.g., Scott v. State, 808 So.2d 166, 171 (Fla. 2002), superseded on other grounds by § 893.101, Fla. Stat. (2002), as recognized in State v. Adkins, 96 So.3d 412 (Fla. 2012) (holding that because “the requirement that an instruction must be given does not depend on the defense espoused, ... an instruction [on a required element] must be given even when the defendant simply requires the State to prove its case and offers nothing by way of an affirmative defense”).
*1049 For the same reason, the error cannot be deemed harmless. As our supreme court long ago held:
It is an inherent and indispensable requisite of a fair and impartial trial under the protective powers of our Federal and State Constitutions as contained in the due process of law clauses that a defendant be accorded the right to have a Court correctly and intelligently instruct the jury on the essential and material elements of the crime charged and required to be proven by competent evidence. Such protection afforded an accused cannot be treated with impunity under the guise of ‘harmless error.’
Gerds v. State, 64 So.2d 916, 916 (Fla. 1953) (emphasis added). This is especially true in situations like the present case where the omission of an element is brought to the trial court’s attention. See Scott, 808 So.2d at 170-71 (“Since the jury is entitled to be instructed on the elements of the offense, it cannot be harmless error to fail to do so especially when the omission is brought to the attention of the trial court by the defendant.”); see also Davis v. State, 839 So.2d 734, 735 (Fla. 4th DCA 2003) (holding that although a defendant’s theory of defense may be considered in analyzing whether the omission of a required element constitutes fundamental error, such considerations are irrelevant when reviewing preserved errors for harmless error).

Reversed and remanded for a new trial.

Gross and May, JJ., concur.