FULMER, Judge.
Kenneth Bernard Dickerson was charged with possession of cocaine.[1] The State of Florida appeals an order dismissing the charge. We conclude that the court erred in dismissing the charge. Accordingly, we reverse and remand for further proceedings.
At the hearing on Mr. Dickerson’s motion,[2] both parties stipulated to the relevant facts. Mr. Dickerson was standing near a house with several other men at 8:55 p.m. The police observed one of the men approaching cars under circumstances that looked like drug transactions. The police watched Mr. Dickerson stand in one position with this group for forty-five minutes. When they approached the group, they discovered that Mr. Dickerson was standing on a plastic bottle containing 83 pieces of rock cocaine.
Mr. Dickerson argued that the question presented was whether he had constructive possession of the cocaine. The state argued that he had actual possession. The trial court held:
I think it is clearly a case of constructive possession and I think it’s, um, as a matter of law that the motion is well taken. So I’m going to grant the Motion to Dismiss.
We conclude the stipulated facts were sufficient to raise as a question for the fact finder whether Mr. Dickerson had actual or constructive possession of the cocaine. Therefore, we hold the trial court erred in dismissing the charge. Accordingly, we reverse and remand for further proceedings.
Reversed; remanded.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.

. § 893.13(1)©, Fla.Stat. (1991).

. The motion was styled a motion to suppress. However, it was treated by the parties and the court as a motion to dismiss based on stipulated facts. Thus, any technical deficiencies were waived. Goodmakers v. State, 450 So.2d 888 (Fla. 2d DCA 1984).