DANAHY, Judge.
Appellate counsel has submitted an An-ders[1] brief, calling this court’s attention to three possible issues. We find merit in the third issue.
The third issue is that the trial court erred in imposing a public defender’s lien. The State concedes the error.
Accordmgly, we reverse the assessment of a public defender’s hen in this case. The trial court failed to advise the appellant of the statutory authority for its imposition, § 27.56, Fla. Stat. (1995), and the trial court failed to advise the appellant of his right to contest the amount of the fees. See § 27.56(7), Fla. Stat. (1995); Fla. R.Crim. P. 3.720; Brown v. State, 506 So.2d 1068 (Fla. 2d DCA 1987).
On remand, the appellant shall be given thirty days from the date of the mandate to file a written objection to the amount of attorney’s fees imposed. If the appellant objects, the fees shall be stricken but may be reimposed based on the trial court’s findings following a fee healing. See Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Except as specified herein, the appellant’s judgment and sentence are affirmed.
PARKER, C.J., and QUINCE, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).