707 So.2d 819 (1998)
STATE of Florida, Appellant,
v.
Brian E. LADRIG, Appellee.
No. 97-01452.
District Court of Appeal of Florida, Second District.
February 20, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
Ronnie G. Crider, Clearwater, for Appellee.
GREEN, Judge.
The state appeals the trial court's order granting the motion to dismiss filed by the appellee, Brian E. Ladrig. Appellee was charged with possession of marijuana exceeding twenty grams, possession of paraphernalia, *820 and possession of marijuana, less than twenty grams. Appellee moved to dismiss the information pursuant to Fla. R.Crim. P. 3.190(c)(4). The state filed a traverse. A hearing was held and the trial court granted the motion to dismiss. Since the issue of knowledge of the presence of a drug was a question for the jury, we reverse and remand for further proceedings.
The following factual allegations were adduced at the hearing: the Pinellas Country Sheriff's Office received information from agent Richard Estipinol, U.S. Customs Service, that an informant in Brownsville, Texas, revealed that a package containing marijuana would be delivered to the appellee. Agent Estipinol stated that the package was to be delivered via United Parcel Service and was addressed to Detail Supply, Inc., c/o Tom Robbins, at appellee's home address.
When delivery was made by an undercover officer to appellee's residence, the officer asked appellee if he was expecting a package from Brownsville, to which the appellee replied yes. Appellee was then asked if he was Mr. Robbins, to whom the package was addressed. Appellee answered that he was Mr. Robbins, despite the fact that appellee's last name is Ladrig.
Approximately fifteen minutes later, appellee departed his residence and placed the package in his vehicle. At this point, appellee was arrested. A search warrant was obtained and the package revealed twenty eight pounds of marijuana. An additional search warrant was obtained for the appellee's residence.
The trial court granted the appellee's motion to dismiss based solely on the fact that there was not "sufficient indicia of knowledge to take this case to a jury." The state filed a timely notice of appeal.
A factual issue was raised as to whether the appellee had the requisite knowledge that the package he accepted contained contraband. The issue of knowledge of the presence of a drug is usually an ultimate question that the jury must decide on factual inferences and is not subject to a motion to dismiss under Fla. R.Crim. P. 3.190(c)(4). See State v. Duran, 550 So.2d 45 (Fla. 3d DCA 1989); see also State v. Dickerson, 634 So.2d 253 (Fla. 2d DCA 1994). This case presented no exceptional facts that would make this general rule inapplicable. Therefore, the factual issue as to whether appellee knew the package contained a controlled substance was one for the jury to decide.
Accordingly, we reverse and remand for proceedings consistent herewith.
Reversed and remanded.
THREADGILL, A.C.J., and FULMER, J., concur.