744 So.2d 578 (1999)
Helen ABBOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 99-00863.
District Court of Appeal of Florida, Second District.
November 12, 1999.
James Marion Moorman, Public Defender, and Allyn M. Gaimbalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John T. Salgado, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Appellant, Helen Abbott, challenges her conviction and sentence for trafficking in methamphetamine. Appellant raises two arguments on appeal, the first of which demonstrates reversible error. Because the jury was given an incorrect instruction, we reverse and remand the case for a new trial. We, therefore, need not reach the second argument advanced on appeal.
James Abbott, appellant's son, was arrested for possession of methamphetamine in connection with an attempted controlled buy. After his arrest, Mr. Abbott admitted to having more drugs at his home; however, once he arrived at his home accompanied by police, Mr. Abbot was unable to produce the drugs. James Abbott subsequently advised police that a woman named Candy had taken the drugs to appellant's house. The officers and Mr. Abbott then drove to appellant's house and questioned her concerning the drugs. Appellant initially denied having any drugs, but agreed to cooperate after her son told her to give the police "the stuff." Appellant subsequently led the officers to the back of her house, reached beneath a foundation block, and retrieved a green latex glove. It was later determined that the glove contained 27.4 grams of methamphetamine.
Appellant alleges the trial court erred by instructing the jury that in order to find her guilty of trafficking in methamphetamine, *579 they need only find that she was aware of the illicit nature of the substance. The court's instruction was based on its reading of Chicone v. State, 684 So.2d 736 (Fla.1996), Florida's seminal case on constructive possession, which requires as a third element of the offense that the defendant knew of the illicit nature of the substance allegedly possessed. Id. at 744. The jury was originally given the standard jury instruction for trafficking; however, during deliberations the foreperson submitted the following question to the trial court: "Does she have to know specificly (sic) if there's meth in the rubber glove? OR just as (sic) dope in the glove[.]" The question was answered as follows:
I've determined to try and answer that question for you as best we can by telling you that knowledge means the defendant must have knowledge of the illicit nature of the substance possessed. That is as much information as we can give to answer your question.
Appellant was specifically charged with trafficking in methamphetamine in violation of section 893.135, Florida Statutes (1997). Appellant's defense at trial was that she was unaware that the rubber glove contained methamphetamine. Although police officers testified that appellant made statements indicating that she was aware that the rubber glove contained "dope," the State presented no evidence to establish that appellant was aware that the glove contained methamphetamine. Based on the jury's question, we can safely say that they had some misgivings as to whether the State satisfied its burden of proving, beyond a reasonable doubt, that appellant knew that the rubber glove contained methamphetamine.
In State v. Dominguez, 509 So.2d 917 (Fla.1987), the supreme court held that the then existing standard instruction for cocaine trafficking was insufficient to instruct the jury that in order to convict a defendant for trafficking in cocaine, the State must prove that the defendant was aware that the substance in which he trafficked was cocaine. Id. at 917. The Dominguez jury was given the following instructions:
Before you can find the defendant guilty of trafficking in cocaine, the State must prove the following three elements beyond a reasonable doubt.
Element number one, [the defendant] knowingly sold, delivered or possessed a certain substance.
Element number two, the substance was cocaine or a mixture containing cocaine.
Element number three, the quantity of the cocaine involved was 28 grams or more.
Id. at 918. Dominguez argued, and the Fifth District Court of Appeal agreed, that the jury should have been instructed that the State must prove beyond a reasonable doubt that Dominguez knew that the substance was cocaine. Consequently, the case was reversed and remanded for a new trial. See Dominguez v. State, 492 So.2d 1187, 1189 (Fla. 5th DCA 1986). The Fifth District also certified the following question as one of great public importance:
DOES THE CURRENT STANDARD JURY INSTRUCTION ON TRAFFICKING IN COCAINE SUFFICIENTLY INSTRUCT THE JURY THAT TO CONVICT A DEFENDANT UNDER THE STATUTE ONE OF THE ELEMENTS THAT THE STATE MUST PROVE IS THAT THE DEFENDANT KNEW THAT THE SUBSTANCE IN WHICH HE TRAFFICKED WAS COCAINE?
Id. at 1189. The supreme court later answered the certified question in the negative. This decision set a new precedent in trafficking cases and amended the standard jury instructions for drug trafficking to include a fourth element, i.e., that the defendant knew that the substance was the specific substance allegedin this case, methamphetamine. See Fla. Std. Jury Instr. (Crim.) p. 309; Dominguez, 509 So.2d at 918-919.
*580 The instruction given in the present case is clearly inapposite to the rule of law pronounced in Dominguez and likely misled the jury. The erroneous instruction cannot be considered harmless since lack of knowledge was appellant's defense, and the State presented little or no evidence to establish that appellant knew that the rubber glove contained methamphetamine. See State v. Delva, 575 So.2d 643 (Fla.1991) (failing to give Dominguez instruction is subject to harmless error analysis and is in fact harmless when the accused's defense is not lack of knowledge of specific nature of substance).
Because the jury was erroneously instructed, we reverse and remand for a new trial.
WHATLEY, A.C.J., and GREEN, J., Concur.