HARRIS, J.
An undercover agent drove into an area to purchase drags. McMillon and Corey Pride rushed to his vehicle and, according to the officer, Pride delivered counterfeit rock cocaine while McMillon delivered the real thing. At trial, McMillon’s defense was that Pride had delivered both rocks. The jury accepted the officer’s version of the facts and convicted McMillon of sale of cocaine.
McMillon argues on appeal that the court erred in not giving his requested instruction that the State had the burden of proving that McMillon was aware the substance delivered was cocaine at the time of the sale. We acknowledge that the supreme court in Chicone v. State, 684 So.2d 736 (Fla.1996), has made such knowledge an element of possession, and presumably, sale of controlled substances. But the Chicone court also held that because guilty knowledge is implicit in “possession,” it need not be specifically alleged in the information. A jury instruction must, however, if requested, advise the jury of the State’s burden of showing defendant’s knowledge of the illicit nature of the substance. But even in Chicone, by footnote [footnote 14], the court recognizes a connection between a more specific instruction and the issue raised by the defendant.
Here, the Medlin inference that one who sells controlled substances knows the illicit nature of the substance sold, unrebutted, is sufficient to carry the day for the State as far as proving its ease is concerned. State v. Medlin, 273 So.2d 394 (Fla.1973). It is up to the jury to determine whether to accept the State’s proof as sufficient evidence that defendant knowingly sold a substance later proved to be crack cocaine and, if the issue is presented, whether defendant knew the substance was cocaine that he was selling. McMil-lon’s defense was that he did not sell either the counterfeit or the real rock. He put on a defense witness who testified that he, the witness, had sold both rocks.
Hence, the issue raised by defendant for the jury’s consideration was whether he sold the crack cocaine, not whether he knew what he sold was cocaine. As we did in Scott v. State, 722 So.2d 256 (Fla. 5th DCA 1998), rev. granted, 729 So.2d 394 (Fla.1999), we hold that even if the failure to give the instruction was error, it was harmless. We believe that a jury confronted with an argument that “although I did not sell the rock, if I did sell the rock as crack, I didn’t know what it was” would certainly convict.
AFFIRMED.
W. SHARP, and PETERSON, JJ., concur.