813 So.2d 56 (2002)
Terry McMILLON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC99-201.
Supreme Court of Florida.
February 28, 2002.
*57 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, FL, for Respondent.
QUINCE, J.
We have for review McMillon v. State, 745 So.2d 566 (Fla. 5th DCA 1999), which cited to a case which was accepted for review by this Court, Scott v. State, 722 So.2d 256 (Fla. 5th DCA 1998), review granted, 729 So.2d 394 (Fla.1999). We have jurisdiction. See Art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981). For the reasons expressed in our recent opinion in Scott v. State, 808 So.2d 166 (Fla.2002), we quash the decision under review and direct that petitioner's conviction for the sale of cocaine be reversed.
Terry McMillon (McMillon) was convicted of selling cocaine to an undercover officer pursuant to section 893.13(1)(a)1, Florida Statutes (1997).[1] At trial, the agent testified McMillon and Corey Pride approached his vehicle simultaneously. According to this testimony, Pride delivered counterfeit rock cocaine while McMillon delivered real cocaine. McMillon's defense was that Pride actually delivered both rocks. In fact, Pride testified he alone sold cocaine to the undercover agent and that McMillon never sold anything. The trial court rejected McMillon's request for a Chicone[2] jury instruction on knowledge of the illicit nature of the substance *58 sold. The Fifth District Court of Appeal affirmed, upholding the trial court's application of the Medlin inference, that one who sells a controlled substance is aware of its illicit nature, to this case. See State v. Medlin, 273 So.2d 394 (Fla.1973). Relying on its decision in Scott v. State, the Fifth District also found the trial court's failure to give the knowledge instruction harmless error. We disagree. Based on our recent decision in Scott v. State, 808 So.2d 166 (Fla.2002), and our earlier holding in Chicone v. State, 684 So.2d 736 (Fla.1996), the requested instruction should have been given.
In Chicone and again in Scott we said knowledge of the illicit nature of a substance is an element of the crime of possession even though this element is not explicitly stated. The instructions given by the trial court in McMillon were as follows:
Before you can find defendant guilty of sale or delivery of cocaine, the state must prove the following two elements beyond a reasonable doubt: one, the defendant sold or delivered a certain substance; two, the substance was cocaine.
As we decided in both Scott and Chicone, where similar instructions omitting the knowledge element were used, these instructions were inadequate. The standard instructions do not indicate that the State must prove the defendant had knowledge of the illicit nature of the substance he possessed. Failure to so instruct diminishes the State's responsibility to prove each element of its case. See Hayes v. State, 660 So.2d 257, 265 (Fla.1995) ("It is well settled that due process requires the state to prove every element of a crime beyond a reasonable doubt...."). Convictions based on such failures or omissions are certainly prejudicial and should be reversed. For example, in Johnson v. State, 650 So.2d 89 (Fla. 4th DCA 1995), the defendant's request for a Dominguez instruction[3] was denied. On appeal, the Fourth District found the failure to so instruct was reversible error under State v. Delva, 575 So.2d 643 (Fla.1991). Therefore, we find the trial court's failure to grant McMillon's request for the specific jury instruction harmful error.
In actual possession cases, such as the present one, when the Chicone instruction is given, the State is also entitled to a Medlin instruction. Giving both instructions preserves the State's obligation to prove every element of its case without diminishing the importance of the presumption that logically flows from a defendant's actual possession of a controlled substance.
We quash the decision of the district court of appeal and direct that McMillon's conviction be reversed and the case be remanded to the trial court.
It is so ordered.
SHAW, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
HARDING, J., concurs with an opinion.
WELLS, C.J., dissents with an opinion.
HARDING, J., concurring.
I concur for the reasons stated in my concurring opinion in State v. Williamson, 813 So.2d 61 (Fla.2002). The record here reflects that the defense attorney did not submit in writing a requested jury instruction *59 based on Chicone. However, where a standard jury instruction is requested on the record, the requirement under Florida Rule of Criminal Procedure 3.390(c) that it be written out is inapplicable. See Holley v. State, 423 So.2d 562, 564 (Fla. 1st DCA 1982). The trial in this case took place in 1999, after the Chicone instruction was already a part of the standard jury instructions. See Standard Jury Instructions in Criminal Cases (97-1), 697 So.2d 84, 87 (Fla.1997) (adopting Chicone instruction, effective July 10, 1997).
WELLS, C.J., dissenting.
I do not join the majority because I agree with the unanimous district court that, under the facts of this case, any error in failing to give the instruction was harmless. Moreover, this decision clarifies that the majority has converted Chicone[4] error into per se reversible error. This could only be the situation if the Chicone decision is considered to have written an element into the crime. Writing of elements into crimes is for the Legislaturenot this Court.
NOTES
[1] Section 893.13(1)(a)1 states:

Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
1. A controlled substance named or described in s. 893.03(1)(a), (1)(b), (1)(d), (2)(a) [includes cocaine], or (2)(b), commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Chicone v. State, 684 So.2d 736 (Fla.1996).
[3] See State v. Dominguez, 509 So.2d 917 (Fla. 1987) (holding in a drug trafficking case that knowledge of the illicit nature of the substance was an essential element of the crime charged and should be included in the standard jury instructions.). See also Fla. Std. Jury Instr. (Crim.) Trafficking in Cocaine.
[4] Chicone v. State, 684 So.2d 736 (Fla.1996).