815 So.2d 667 (2002)
John Kenneth GRANT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-244.
District Court of Appeal of Florida, Second District.
March 22, 2002.
James Marion Moorman, Public Defender, and Anthony C. Musto, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
John Kenneth Grant appeals his two convictions and concurrent sentences for simple possession of cocaine and delivery of cocaine[1] based on one transaction involving a single piece of crack cocaine. He raises three issues: (1) harmful error based on prosecutorial misconduct during voir dire, opening argument, and closing argument; (2) misinstruction of the jury on the elements of the offense of delivery of cocaine; and (3) an alleged violation of the dictates of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in the trial judge's sentencing him as a habitual offender.[2] Based on the supreme court's recent clarification of Chicone v. State, 684 So.2d 736 (Fla.1996), and *668 State v. Medlin, 273 So.2d 394 (Fla.1973), in McMillon v. State, 813 So.2d 56, (Fla. 2002), we reverse in part because the trial judge misinstructed the jury on the elements of the crime of delivery.[3]
Mr. Grant's case is an illustration of the principle clarified in McMillon because he was charged with and convicted of both possessing and delivering the same piece of crack cocaine. There is no dispute here that the facts upon which Mr. Grant was prosecuted showed actual, rather than constructive, possessionwhat the supreme court in Chicone referred to as "actual, personal possession." Id. at 739. At Mr. Grant's trial, two police officers testified that they had a clear view of what they believed was a drug transaction when they witnessed the hand-to-hand exchange of a piece of crack cocaine and money from a distance of only several feet while Mr. Grant and the alleged buyer were standing under a street light. The officers never lost sight of the pair as they turned and began walking away; Mr. Grant and his buyer were stopped and arrested seconds later. The two officers found the one piece of crack cocaine still clutched in the buyer's hand.
At the jury charge conference at Mr. Grant's trial, the court granted defense counsel's request that the jury receive a Chicone instruction on the possession count, i.e., that the State had to prove beyond a reasonable doubt that Mr. Grant knew of the presence of the contraband and also knew of its illicit nature before he could be convicted of possessing it. However, when defense counsel requested a similar Chicone instruction for the delivery count, the judge denied it, basing the denial on his reading of Chicone, which is silent as to a delivery charge. During its deliberations, the jury sent out a question that, arguably, shows that it was confused as to the elements it had to find proven for the delivery count.[4] The jury found Mr. Grant guilty of both counts as charged.
The trial judge erred in denying Mr. Grant the requested instruction for the delivery count based on his reading of Chicone. It is true that a charge of "simple" possession and not delivery was at issue in Chicone, 684 So.2d at 737. The supreme court in Chicone, in trying to reconcile admittedly unclear case law on the possession issue, mentioned a charge of delivery only in its discussion of State v. Medlin, 273 So.2d 394 (Fla.1973). The supreme court had this to say about Medlin in Chicone:

Medlin is the case most cited for the proposition that guilty knowledge is not an element of a simple possession crime. However, by our holding, we substantially begged the question of the nature of the guilty knowledge required by the statute.
We held in Medlin that a jury question was presented as to whether the "defendant was aware of the nature of the drug involved." Id. That is, we held that the State established a prima facie case and sufficient proof that the "defendant *669 was aware of the nature of the drug" to get the case to the jury. That's a far cry from holding that guilty knowledge is unnecessary. Of course, if the defendant's awareness of the nature of the drug was not a necessary component of the crime, there would be no need for the jury to resolve that issue. Medlin stands for the proposition that evidence of actual, personal possession is enough to sustain a conviction. In other words, knowledge can be inferred from the fact of personal possession.
Chicone, 684 So.2d at 739.
The supreme court recently reiterated the continued viability of Medlin in Scott v. State, 808 So.2d 166 (Fla.2002):
Although the Fifth District correctly states Chicone does not expressly overrule the Medlin presumption, the court's interpretation of the presumption is erroneous. The Fifth District's statement that the State did prove the element of knowledge of the illicit nature of the substance by the presumption or inference raised by the proof of [Scott's] possession of the substance assumes several facts which are not a part of this record. Such a statement would be applicable if the Medlin presumption was applicable to this case[5] and if the jury was properly informed of both the knowledge element and the operation of the presumption. A close reading of Medlin and Chicone, however, yields the inescapable conclusion that the presumption of knowledge applies only to cases of actual possession, and we said as much in Chicone ....
808 So.2d at 171. The supreme court summed up its holding in Scott in the following manner:
We therefore reiterate our holding in Chicone that knowledge of the illicit nature of the contraband is an element of the crime of possession of a controlled substance, a defendant is entitled to an instruction on that element, and it is error to fail to instruct on that element. [Footnote omitted.] It is error to fail to give an instruction even if the defendant did not explicitly say he did not have knowledge of the illicit nature of the substance. Additionally, the Medlin presumption or inference is applicable to those cases where the defendant has actual, personal possession of the substance. The Fifth District's view that any error was harmless because the jury found Scott to be in exclusive control and thus properly inferred knowledge begs the question. How could the jury infer guilty knowledge without being properly instructed on the element of knowledge as well as being instructed on when knowledge can be inferred? The defendant in this case requested a Chicone instruction. The trial court denied that request; the denial was reversible error.
808 So.2d at 172.
Several weeks after the decision in Scott was announced, the supreme court in McMillon reiterated its insistence that the jury be instructed on the necessity of proof of the element of knowledge of the illicit nature of the contraband in drug cases. Mr. McMillon was charged with and convicted of selling cocaine to an undercover officer, a violation of section 893.13(1)(a)1, *670 Florida Statutes (1997), which contains the same prescriptive language under which Mr. Grant was prosecuted for delivery:
893.13 Prohibited acts; penalties.
(1)(a) Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance.
At the trial in McMillon, the undercover officer testified that the defendant delivered rock cocaine to him during the transaction; thus it was a sale via actual possession, like Mr. Grant's delivery via actual possession. The trial judge in McMillon denied the defendant's requested Chicone instruction on the substance sold and outlined the Medlin inference for the jury. The Fifth District affirmed. The supreme court disagreed and reversed for a new trial, saying:
In Chicone and again in Scott we said knowledge of the illicit nature of a substance is an element of the crime of possession even though this element is not explicitly stated. The instructions given by the trial court in McMillon were as follows:
Before you can find defendant guilty of sale or delivery of cocaine, the state must prove the following two elements beyond a reasonable doubt: one, the defendant sold or delivered a certain substance; two, the substance was cocaine.
As we decided in both Scott and Chicone, where similar instructions omitting the knowledge element were used, these instructions were inadequate. The standard instructions do not indicate that the State must prove the defendant had knowledge of the illicit nature of the substance he possessed.
McMillon, 813 So.2d at 58. The supreme court disagreed with the Fifth District only on giving the Chicone instruction for a charge of sale, not on the application of the Medlin inference. "Giving both instructions preserves the State's obligation to prove every element of its case without diminishing the importance of the presumption that logically flows from a defendant's actual possession of a controlled substance." McMillon, 813 So.2d at 58.
Accordingly, we reverse Mr. Grant's conviction and sentence for delivery of cocaine and remand for a new trial at which the requested Chicone instruction shall be given for the charge. We affirm his conviction for possession and remand for reconsideration of that sentence in light of potential guideline implications.
Affirmed in part; reversed in part, and remanded.
FULMER and COVINGTON, JJ., Concur.
NOTES
[1] § 893.13(6)(a) and (1)(a), Fla. Stat. (1999), respectively.
[2] § 775.084, Fla. Stat. (1999).
[3] Although we reverse in part for a new trial on the delivery count because the jury was misinstructed, we note that Mr. Grant's claim of prosecutorial misconduct is without merit. As to his third issue, sentencing as a habitual offender, we join our sister courts in recognizing that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is not implicated when sentencing a convicted defendant as a habitual offender under section 775.084, Florida Statutes (1999). Saldo v. State, 789 So.2d 1150 (Fla. 3d DCA 2001); Gordon v. State, 787 So.2d 892 (Fla. 4th DCA 2001); Wright v. State, 780 So.2d 216 (Fla. 5th DCA 2001); see also McDowell v. State, 789 So.2d 956 (Fla.2001).
[4] The jury's question was: "Is delivery the same as sale?"
[5] In Scott v. State, 808 So.2d 166 (Fla.2002), the supreme court answered three questions certified by the Fifth District Court of Appeal as of great public importance in regard to instructing a jury on the knowledge of the illicit nature of the contraband. Scott v. State, 722 So.2d 256 (Fla. 5th DCA 1998). The defendant in Scott was charged with introduction or possession of contraband in a correctional facility. The discussion in Scott showed it to be a case of constructive possession.