WEBSTER, J.
Appellant seeks review of his convictions, following a jury trial, for possession of marijuana and resisting an officer without violence. He argues that the trial court should have granted his motion for a judgment of acquittal as to the possession of marijuana charge, and that it should have given three requested jury instruc *1237 tions. Having carefully reviewed the record, we affirm without further discussion the trial court’s denial of the motion for judgment of acquittal as to the possession of marijuana charge. However, because we conclude that the trial court reversibly erred when it refused to give three jury instructions requested by appellant, we are constrained to reverse both convictions, and to remand them for a new trial.
The evidence established that, responding to a citizen complaint, police approached appellant. As they did, appellant began to walk away. Following a chase by police, appellant was seen just inside the doorway of a house belonging to someone other than appellant. He responded to an order that he come out, and was eventually handcuffed. One of the officers then went to the door of the house, looked in, and saw three baggies lying on the floor in the area where appellant had been standing. The three baggies were later determined to be “dime” ($10) baggies of marijuana. However, the officers never saw appellant in actual possession of the baggies, and were unable to say how or when the baggies got to where they were found.
As to the possession of marijuana charge, appellant requested two jury instructions. The first, which was taken verbatim from the Florida Standard Jury Instructions in Criminal Cases (at 291), read:
If a thing is in a place over which the person does not have control, in order to establish constructive possession the State must prove the person’s (1) control over the thing, (2) knowledge that the thing was within the person’s presence, and (3) knowledge of the illicit nature of the thing.
Appellant was entitled to this instruction, and the trial court’s refusal to give it constituted reversible error. See, e.g., McMillon v. State, 813 So.2d 56 (Fla.2002); Scott v. State, 808 So.2d 166 (Fla.2002); Chicone v. State, 684 So.2d 736 (Fla.1996); Norman v. State, 826 So.2d 440 (Fla. 1st DCA 2002), review denied, 845 So.2d 892 (Fla. April, 2003). We reject for two reasons the state’s argument that appellant was not entitled to such an instruction because the evidence established actual possession: (1) the prosecutor argued to the jury that the evidence was sufficient to establish constructive possession and the trial court instructed the jury regarding both actual and constructive possession; and (2) as McMillon and Scott clearly hold, one is entitled to an instruction that knowledge of the illicit nature of the substance is an essential element of the offense of possession even in actual possession cases. We find the state’s harmless error argument equally disingenuous.
The second instruction requested by appellant as to the possession charge, which was likewise taken verbatim from the Florida Standard Jury Instructions in Criminal Cases (at 291), read:
Mere proximity to a thing is not sufficient to establish control over that thing when the thing is not in a place over which the person has control.
Appellant was also entitled to this instruction, and the trial court’s refusal to give it constituted reversible error. See, e.g., Hill v. State, 736 So.2d 133 (Fla. 1st DCA 1999); Moffatt v. State, 583 So.2d 779 (Fla. 1st DCA 1991). Because the prosecutor argued to the jury that the evidence was sufficient to establish constructive possession and the trial court instructed the jury regarding both actual and constructive possession, we reject both the state’s argument that no error occurred and its argument that any error was harmless.
Finally, appellant complains of the trial court’s refusal to give the following instruction as to the charge of resisting an officer without violence:
*1238 An individual has the right to resist an illegal arrest without violence. If you determine from the evidence that [appellant] was illegally arrested your verdict on the charge of resisting arrest should be not guilt[y].
In closing argument, appellant’s counsel argued to the jury that the police did not have reasonable suspicion of criminal activity to justify their chase, and ensuing stop and arrest, of appellant. Contrary to the state’s argument on appeal, there was some evidence to support the challenge to the legality of the officers’ actions. Accordingly, appellant was also entitled to this instruction, and the trial court’s refusal to give it constituted reversible error. See State v. Anderson, 639 So.2d 609 (Fla. 1994). We reject the state’s harmless error argument.
We reverse appellant’s convictions, and remand for a new trial.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
PADOVANO and POLSTON, JJ., concur.