852 So.2d 902 (2003)
Anthony L. WHITEHURST, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2644.
District Court of Appeal of Florida, Second District.
August 8, 2003.
*903 James Marion Moorman, Public Defender, Bartow, and Heather M. Gray, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jenny Scavino Sieg, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Anthony L. Whitehurst challenges his convictions for possession of cocaine with intent to sell, possession of cannabis with intent to sell, and resisting arrest without violence. We find merit in only one of the issues Whitehurst raises on appeal and reverse on that basis alone.
Whitehurst committed his offenses on March 6, 2001. He argues that the law in effect at that time required the trial court to instruct the jury that the State was required to prove, as an element of the crime of possession, that the defendant knew of the illicit nature of the substance. See Chicone v. State, 684 So.2d 736 (Fla.1996). Whitehurst argues further that the trial court's failure to give his requested instruction was reversible error. See McMillon v. State, 813 So.2d 56 (Fla. 2002). Pursuant to the law that was in effect at the time that Whitehurst committed his offenses, he is correct.
Subsequent to Chicone, the Florida Supreme Court took the Chicone analysis a step further and extended the requirement of giving the jury instruction regarding knowledge to even those cases in which the defendant does not deny having knowledge of the illicit nature of the substance. See Scott v. State, 808 So.2d 166 (Fla.2002). In response to Scott and Chicone, the legislature amended chapter 893, Florida Statutes, stating that those two cases were contrary to legislative intent.[1] However, we are still required to apply a Chicone analysis to the instant case due to the timing of Whitehurst's offenses.
At the time that Whitehurst committed his offenses in March 2001, Chicone was still good law. The superseding legislative amendment was not effective until May 13, 2002, and courts have determined that the amendments are not to be applied retroactively. See Blunt v. State, 831 So.2d 770 (Fla. 4th DCA 2002); Norman v. State, 826 So.2d 440 (Fla. 1st DCA 2002), review denied, 845 So.2d 892 (Fla.2003). Having concluded that the court committed reversible error in failing to give the *904 Chicone instruction as requested, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
KELLY and CANADY, JJ., concur.
NOTES
[1] § 893.101, Fla. Stat. (2002).