898 So.2d 116 (2005)
Rickey Lyn RISER, III, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-84.
District Court of Appeal of Florida, Second District.
March 2, 2005.
*117 James Marion Moorman, Public Defender, and William L. Sharwell, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Rickey Lyn Riser, III, was convicted of trespass, burglary of a dwelling with an assault or battery, and retaliation against a witness. While his appeal was pending, he filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court determined that Riser was entitled to relief on several of his claims and twice extended its jurisdiction to resolve the issues. Because more than sixty days passed since the trial court's last scheduled resentencing, the motion was deemed denied. For the most part, the State concedes error, and we reverse as explained below.
We reverse the assessment of $100 in court costs pursuant to section 939.18, Florida Statutes (2001), because the trial court failed to first inquire into whether Riser had the ability to pay it without *118 impairing his payment of restitution or child support. On remand, the trial court may again impose this cost after complying with section 939.18. See Patterson v. State, 796 So.2d 572 (Fla. 2d DCA 2001).
We reverse the assessment of $1500 for the public defender's services because the trial court failed to advise Riser that he could contest the amount. On remand, Riser shall be given an opportunity to object to the amount. See Piasecki v. State, 704 So.2d 1134 (Fla. 2d DCA 1998).
We also reverse the habitual violent felony offender sentences for burglary of a dwelling with an assault or battery and retaliation against a witness. To support habitual offender treatment, the State offered proof that Riser had previously been convicted of aggravated assault, but the State was required to show that the predicate conviction of aggravated assault was committed with a deadly weapon. See § 775.084(1)(b)(1)(g), Fla. Stat. (2001) (listing aggravated assault with a deadly weapon as a qualifying offense for habitual violent felony offender sentencing). Because Riser never objected to the sufficiency of the State's proof, the State is allowed on remand to establish that Riser qualifies for habitual offender treatment. See Hardwick v. State, 677 So.2d 958 (Fla. 2d DCA 1996).
We see no merit to Riser's argument that the jury must make a finding that the current offenses were committed within five years of the prior convictions. See Wright v. State, 780 So.2d 216 (Fla. 5th DCA 2001) (rejecting argument that jury findings  as to existence of prior convictions for qualifying offenses committed within five years that were not vacated or pardoned  are necessary for habitual offender treatment); see also Grant v. State, 815 So.2d 667, 668 n. 3 (Fla. 2d DCA 2002) (citing Wright with approval regarding habitual offender sentencing).
The convictions are affirmed. The habitual violent felony offender sentences are reversed, the specified costs are reversed, and the case is remanded for resentencing.
CASANUEVA and KELLY, JJ., Concur.