965 So.2d 1287 (2007)
Michael A. NEDD, Doc # C518061, a/k/a Michael A. Nedo, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3842.
District Court of Appeal of Florida, Second District.
October 17, 2007.
James Marion Moorman, Public Defender, and Sean K. Ahmed, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Michael A. Nedd requests a new trial after being convicted and sentenced for delivery of a controlled substance. He argues that the trial court erred in refusing to give his requested instruction on knowledge of the controlled substance. We agree and reverse and remand for a new trial.[1]
In January 2001, the State charged Mr. Nedd with trafficking in illegal drugs. *1288 See § 893.135(1)(c)1.c., Fla. Stat. (2000). We can summarize the facts succinctly. In December 2000, undercover officers arranged for the delivery of two ounces of heroin from a drug dealer known as "Bart." Prior to the planned delivery, Bart called and advised that he would send someone in his place. Mr. Nedd soon arrived, entered the officers' car, gave them a paper bag containing heroin, and accepted $5000 from one of the officers.
Mr. Nedd went to jury trial in August 2004.[2] A major part of his defense was his lack of knowledge that the bag contained heroin. At the jury instruction charge conference, Mr. Nedd requested an instruction on knowledge consistent with Chicone v. State, 684 So.2d 736 (Fla.1996). The trial court declined to give the instruction because it was not contained in the standard instructions. Mr. Nedd advised the trial court of Abbott v. State, 744 So.2d 578 (Fla. 2d DCA 1999). He explained that Abbott held that under Chicone and State v. Dominguez, 509 So.2d 917 (Fla. 1987), the jury must be instructed on the issue of whether he knew of the precise substance and its illicit nature.[3]See Abbott, 744 So.2d at 579-80. The trial court declined to give the requested instruction, ruling that the standard instruction allowable in 2004 adequately covered the subject.
During its deliberations, the jury asked whether the "defendant [must] have known that it was specifically heroin versus controlled substance." Mr. Nedd again argued that the jury question should be answered in the affirmative. But the trial court disagreed and advised the jury that it must rely on the evidence and the instructions it received. The jury returned a verdict of guilty of the lesser offense of delivery of a controlled substance.
The facts here are similar to those in Abbott, where the jury asked: "Does she have to know specificly (sic) if there's meth in the rubber glove? OR just as (sic) dope in the glove[.]" 744 So.2d at 579 (alteration in original). As in Abbott, a major part of Mr. Nedd's defense was his lack of knowledge that the bag contained heroin. Thus the erroneous instruction cannot be considered harmless. See id. at 580; see also Grant v. State, 815 So.2d 667 (Fla. 2d DCA 2002) (reversing delivery conviction for failure to give requested Chicone instruction).
Reversed and remanded for a new trial.
DAVIS, J., and ST. ARNOLD, JACK R., Associate Judge, Concur.
NOTES
[1] Mr. Nedd's appeal proceeds as a belated appeal. See Fla. R.App. P. 9.141(c). Because we reverse for a new trial, we need not address in detail Mr. Nedd's remaining claims. However, concerning his acquittal argument, we note that "[t]he issue of knowledge of the presence of a drug is usually an ultimate question that the jury must decide on factual inferences." State v. Ladrig, 707 So.2d 819, 820 (Fla. 2d DCA 1998).

We also observe that Mr. Nedd raised issues dealing with the sentence imposed after his 2004 trial. A postconviction court previously denied relief on motions filed pursuant to Florida Rules of Criminal Procedure 3.800 and 3.850 in 2004 and 2005. He did not appeal the denial of the rule 3.800 motion. Mr. Nedd appealed the denial of his rule 3.850 motion; we affirmed. See Nedd v. State, 923 So.2d 1172 (Fla. 2d DCA 2006) (table decision). Our granting of a new trial will result in a new sentencing if Mr. Nedd is convicted. However, the sentencing issues he argued in this appeal were previously decided and could not be reraised here.
[2] Mr. Nedd originally entered a plea in 2001. In 2002, he unsuccessfully sought relief from an illegal sentence under rule 3.800. See Nedd v. State, 855 So.2d 664 (Fla. 2d DCA 2003). In 2004, the postconviction court granted Mr. Nedd's rule 3.850 motion and vacated the 2001 judgment and sentence.
[3] Statutory amendments later deleted the specific knowledge requirement, but those changes were not effective until May 13, 2002, and do not apply retroactively. See Whitehurst v. State, 852 So.2d 902, 903 (Fla. 2d DCA 2003).