NORTHCUTT, Judge.
In 2001, Joe C. Mack was placed on probation after pleading guilty to one count of possession of cocaine with intent to sell within one thousand feet of a church and one count of possession of cannabis in excess of twenty grams. Ultimately, Mack violated his probation and was sentenced to twenty-five years in prison in 2007. After the dismissal of his motion to withdraw plea and a fruitless federal habeas petition, Mack filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Mack’s sole claim for *869 relief is that the statute proscribing his offenses was declared unconstitutional by a judge of the United States District Court for the Middle District of Florida in Shelton v. Secretary, Department of Corrections, 802 F.Supp.2d 1289 (M.D.Fla.2011). The postconviction court denied Mack’s claim, finding that it was not bound by the federal court decision and observing also that the appellate courts of this state have declared the drug possession statute constitutional.[1] We affirm the postconviction court’s order. However, our affirmance is based on the fact that Mack is not entitled to relief because the Shelton decision and the Florida appellate cases cited by the postconviction court address a version of the statute that was inapplicable to Mack.
Because Mack committed his offenses in May 2001, his charges are governed by section 893.13, Florida Statutes (2001). At the time that Mack committed his crimes, the case of Chicone v. State, 684 So.2d 736 (Fla.1996), was still good law. Chicone mandated the trial court, upon appropriate request, to instruct the jury on the State’s burden to prove — as an element of possession — that the defendant knew the illicit nature of the substance possessed. Id. at 745-46. The possession statute was amended by the enactment of section 893.101, Florida Statutes, on May 13, 2002, as a legislative reaction to the Chicone case. Thenceforth, “guilty knowledge” as an element of possession was eliminated; instead, lack of knowledge of the illicit nature of the substance became an affirmative defense. § 893.101(2). The Shelton decision, which describes the “express elimination of mens rea as an element of a drug offense” as “draconian and unreasonable,” 802 F.Supp.2d at 1295, declared the amended version of section 893.13 (2002-2011) facially unconstitutional.
As observed by this court in Whitehurst v. State, 852 So.2d 902, 903 (Fla. 2d DCA 2003), “[t]he superseding legislative amendment was not effective until May 13, 2002, and courts have determined that the amendments are not to be applied retroactively.” The principle that an amendment to a criminal statute cannot affect the prosecution of or punishment for a crime committed before the amendment is entrenched in the law. See State v. Battle, 661 So.2d 38, 39 (Fla. 2d DCA 1995). And in addition to Whitehurst, other cases from this court have specifically held that a defendant who commits a crime prior to the May 2002 amendment to the possession statute is entitled to the Chicone instruction on guilty knowledge. See Nedd v. State, 965 So.2d 1287, 1288 (Fla. 2d DCA 2007); Grant v. State, 815 So.2d 667, 668 (Fla. 2d DCA 2002). Had Mack gone to trial, he would have been entitled to that instruction also.
The version of the statute applicable to Mack’s crimes has not been held unconstitutional, and Mack has stated no other basis for postconviction relief. Accordingly, we affirm the denial of Mack’s rule 3.850 motion.
Affirmed.
LaROSE and BLACK, JJ., Concur.

. This court rejected a constitutional challenge to the amendment of section 893.13, Florida Statutes (2001), by section 893.101, Florida Statutes (2002), in Burnette v. State, 901 So.2d 925, 927-28 (Fla. 2d DCA 2005). Bost-Shelton, this court has passed through the issue of the constitutionality of the statute to the Florida Supreme Court. State v. Adkins, 71 So.3d 184 (Fla. 2d DCA 2011), jurisdiction accepted, 71 So.3d 117 (Fla.2011). However, all of our sister courts have rejected the Shelton decision. See Adams v. State, 76 So.3d 367, 368 (Fla. 3d DCA 2011), and cases cited therein.